GRIMES, Acting Chief Judge.
The Sheriff of Hillsborough County filed suit to forfeit a 1979 Chevrolet CIO van which allegedly had been used in gambling activities.[1] After hearing testimony of the sheriff’s witnesses that Tony Scaglione, the record title owner, had used his van to aid and abet felony gambling offenses, the court ordered the vehicle forfeited. On motion for rehearing, the court reversed its position and entered a final judgment which directed that the van be delivered to Tony Scaglione’s brother. The sheriff appeals from this judgment.
The stipulated record on appeal provides in part:
7. The basis for the judge’s reversal of his previous decision was that the judge found that the criminal defendant’s brother, Basil Scaglione, had an “equitable interest” in the vehicle. The sole testimony in evidence was that Basil Sca-glione paid for the vehicle with a check for $4,650.00, upon which check the word “loan” was noted at the bottom. Basil Scaglione testified that he loaned his brother, Tony Scaglione, the money for the CIO Van and identified the check in question. Basil Scaglione had no knowl *241 edge that the vehicle was used for any illegal purpose. The Court, based on this evidence, found that an equitable lien had been created in favor of Basil Sca-glione and ordered the return of the vehicle.
A lienholder’s interest in a motor vehicle subject to forfeiture under the Florida Contraband Forfeiture Act is entitled to protection, but only under certain circumstances. Section 932.703(3), Florida Statutes (1985), provides:
(3) No bona fide lienholder’s interest shall be forfeited under the provisions of ss. 932.701-932.704 if such lienholder establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was being used or was likely to be used in criminal activity; that such use was without his consent, express or implied; and that the lien had been perfected in the manner prescribed by law prior to such seizure. If it appears to the satisfaction of the court that a lienholder’s interest satisfies the above requirements for exemption, such lienholder’s interest shall be preserved by the court by ordering the lien-holder’s interest to be paid from such proceeds of the sale as provided in s. 932.704(3)(a).
The brother’s claim did not fall within the scope of the statute. We need not decide whether the evidence was sufficient to establish his right to an equitable lien because the statute only offers protection to one whose lien has “been perfected in the manner prescribed by law prior to such seizure.” Section 319.27(1), Florida Statutes (1985), prescribes that the perfection of a lien on a motor vehicle titled in Florida is accomplished by noting the lien upon the face of the certificate of title or on a duplicate or corrected copy thereof. A lienholder’s interest whose lien has not been perfected according to the requirements of section 319.27(1) is subject to forfeiture. Smith v. City of Miami Beach, 440 So.2d 611 (Fla. 3d DCA 1983)
Since the brother’s purported lien was not noted upon the van’s title, his interest is not subject to protection in the forfeiture proceedings.
Reversed.
LEHAN and SANDERLIN, JJ., concur.

. A Buick automobile was also involved in the forfeiture proceeding, but its disposition is not the subject of this appeal.