HALL, Judge.
Appellee, City of Zephyrhills, filed suit to forfeit one 1946 Lockheed L-18 Loadstar, Right 1820-A105A engines, visible ID #N43WT, which allegedly was used in drug activities. After hearing testimony of the record title owner of the aircraft, appellant, and law enforcement officers involved in investigations concerning the drug activities in which the aircraft was allegedly used, the trial court ordered the aircraft forfeited.
Appellant, John S. Matthews, alleges that ownership of the aircraft was transferred to him by a bill of sale several months prior to the forfeiture action. He contends that he is a bona fide purchaser for value and the record title holder of the aircraft and that the aircraft is not subject to forfeiture under chapter 932, Florida Statutes (1985), since he had no knowledge of the criminal activities in which the aircraft was allegedly used.
We do not agree that appellant is the record title holder of the aircraft. Florida Statutes provide that no instrument which affects the title to an aircraft is valid until such instrument is recorded in the office of the Federal Aviation Administrator. § 329.01, Fla.Stat. (1985). Since the bill of sale had not been recorded in the office of the Federal Aviation Administrator of the United States and record title was still in the original owner, appellant is not the owner of the aircraft within the meaning of the forfeiture statute and his interest is not subject to the protection of section 932.-703(2), Florida Statutes (1985).
Affirmed.
LEHAN, A.C.J., and FRANK, J., concur.