COWART, Judge.
On the basis that a 1982 Mercedes Benz automobile had been used by one Godby as an instrumentality in the violation of laws dealing with contraband, the Sheriff of Orange County seized the vehicle and instituted a forfeiture proceeding under section 932.704, Florida Statutes. Direct actual notice of the forfeiture proceedings was given only to Godby and to the corporation Vehicles Unlimited although, pursuant to statute, published notice of the forfeiture proceedings was given to “all others who claim an interest” in the property.
Claiming an interest in the vehicle appellant, Wheels Unlimited, Inc., sought to intervene in the forfeiture proceedings. The court granted the intervention and Wheels Unlimited, Inc. filed an answer inartfully alleging it was unaware that the vehicle was being used in suspected criminal activities and that “its vehicle” should not be forfeited. The sheriff moved for summary judgment with documentation evidencing that the manufacturer’s certificate of origin was issued to Regency Autohaus, Inc., which- dealer transferred the certificate to Epicure International, Inc., which company was shown as owner on a certificate of title issued by the Department of Motor Vehicles. The sheriff also filed an affidavit by an officer of Epicure International, Inc., which stated that Epicure traded the subject vehicle to Van Ward Porsche Audi, Inc. The sheriff also filed a letter from Val Ward Porsche Audi, Inc., stating that the company had sold the vehicle to Vehicles Unlimited, Inc. In opposition to the motion for summary judgment Wheels Unlimited filed several affidavits. An affidavit from Godby stated he put monies into a partnership known as Tropical Wheels to buy the vehicle from Vehicles Unlimited, that he, Godby, received the vehicle when the partnership was dissolved, and he then gave it to Wheels Unlimited, Inc. as a capital contribution when that corporation was formed. An affidavit by one Lunsford affirmed that he and Godby, as a partnership doing business as Tropical Wheels, owned the vehicle and that Godby received the vehicle as a partnership distribution. An affidavit by one Waldorf stated he and Godby co-owned the corporation Wheels Unlimited, Inc. and that Godby brought the vehicle into the corporation as a capital contribution but that the title was never formally transferred to the corporation.
The trial court granted the sheriff’s motion and entered a final summary judgment against Wheels Unlimited, not on the basis that there was no genuine factual issue that Wheels Unlimited, Inc. did not have an ownership interest in the vehicle or as to such corporation’s knowledge, actual or implied, that the vehicle was being, or was likely to be, employed in criminal activity (§ 932.703(2), Fla.Stat.), but rather on the basis that Wheels Unlimited, Inc. had no standing because its claimed interest in the motor vehicle was not evidenced by a certificate of title and hence its interest was not cognizable by the court under sec *787 tion 319.22(1), Florida Statutes. We do not agree and reverse.
Section 319.22, Florida Statutes, provides that a person acquiring a motor vehicle will not acquire marketable title until he has had issued to him a certificate of title. The statute also provides that no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold, disposed of, mortgaged, or encumbered unless evidenced by a certificate of title duly issued. The salutary purpose of this statute is to stabilize the ownership, sale, and transfer of motor vehicles and to protect the rights of bona fide owners of motor vehicles by requiring one method of transferring record title and protecting those who rely upon a recorded certificate of title. It is, in summary, a statute to protect the rights of bona fide owners of motor vehicles who have relied upon a duly issued certificate of title in connection with any sale, disposition of mortgage, or en-cumberance of the motor vehicle. We do not believe it was the intent of the legislature to prohibit courts from recognizing equitable interests in motor vehicles which are not asserted in opposition to the rights of good faith purchasers who have acquired a right, title, claim, or interest in a motor vehicle relying upon a duly issued certificate of title. Such a holding is unnecessary in order to protect good faith purchasers and would work great injustices. In fact, the long chain of titleholders without recorded certificates of title (equitable titleholders) listed above (Val Ward Porsche Audi, Inc.; Vehicles Unlimited, Inc.; Tropical Wheels; and Wheels Unlimited, Inc.) appear to be licensed dealers who are permitted by section 319.21(2), Florida Statutes, to reassign an existing certificate of title in lieu of obtaining a new certificate of title. This explains why in this case, as in many cases, the controversy is between persons neither of whom claims through a duly issued certificate of title. Legal and equitable principles must then be applied independent of section 319.22, Florida Statutes, otherwise bare possession or might would always prevail and the person not in possession would always be denied judicial relief solely because his claim was not evidenced by a certificate of title duly issued and not because his claim was inferior to that of his adversary in possession. This case is an example. Clearly, whoever is entitled to the vehicle in question, be it the sheriff or the intervenor Wheels Unlimited, Inc., it is not the entity having the record title, which appears to be Epicure International, Inc. Neither the sheriff nor Wheels Unlimited, Inc. relies upon a recorded certificate of title “duly issued” and the sheriff should not prevail merely because by seizing possession of the vehicle and physically establishing a status quo the sheriff has avoided the need of seeking court recognition of his forfeiture rights (which are not evidenced by a certificate of title duly issued as the statute provides), and has thereby cast the burden on Wheels Unlimited, Inc. of seeking court recognition of its ownership rights, whatever they may be.
It appears that Wheels Unlimited, Inc. has raised genuine issues of fact as to (1) whether or not Wheels Unlimited, Inc. has an ownership interest in the vehicle in question that entitles it to possession of the vehicle as against the sheriff, and (2) whether or not the ownership interest, if any, of the corporation Wheels Unlimited, Inc. is protected from forfeiture by section 932.703(2), Florida Statutes, because the corporate owner neither knew,[1] nor should have known after reasonable inquiry, that the motor vehicle was being employed, or was likely to be employed, in criminal activity of the type warranting forfeiture under *788 section 932.701, et seq., Florida Statutes.[2] We do not hold that the factual issues should be resolved in favor of Wheels Unlimited, Inc. but merely that in forfeiture proceedings section 319.22(1), Florida Statutes, does not bar the assertion of a title or lien interest not based on a recorded certificate of title duly issued and that the issues of fact in this case preclude summary judgment against the intervenor Wheels Unlimited, Inc.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ORFINGER and COBB, JJ., concur.

. Because the record indicates that Godby may have been the person employing the vehicle in the criminal activity charged, and that he may also have an ownership interest in Wheels Unlimited, Inc., the legal question is presented as to the corporation’s legal responsibility for God-by's acts and knowledge. The standard in forfeiture proceedings should be the same as the vicarious liability issue in a punitive damages case. See Bankers Multiple Life Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985); Kent Ins. Co. v. Schroeder, 469 So.2d 209 (Fla. 5th DCA 1985). See also Montgomery Ward and Company v. Hoey, 486 So.2d 1368 (Fla. 5th DCA 1986).

. Compare this case construing section 932.-703(2), Florida Statutes, relating to an ownership interest in property the subject of forfeiture proceedings with the holding of the Second District Court of Appeal in Heinrich v. Scaglione, 490 So.2d 240 (Fla. 2d DCA 1986), construing section 932.703(3), Florida Statutes, relating to the holder of a lien interest against property the subject of a forfeiture proceeding. Compare this case also with Matthews v. City of Zephyrhills, 493 So.2d 10 (Fla. 2d DCA 1986), construing section 932.703(2), Florida Statutes, as to record title to an aircraft under § 329.01, F.S. (1985).