On Motion for Rehearing

NESBITT, Judge.
On motion for rehearing, we granted the parties the opportunity to file supplemental briefs specifically addressing the applicability of Wheels Unlimited, Inc. v. Lamar, 492 So.2d 785 (Fla. 5th DCA 1986) to the case sub judice. Having carefully con *962 sidered the supplemental briefs, we adopt our original opinion reported (at page 960) because we agree with the appellee that Wheels Unlimited, Inc. is not controlling.
Section 932.703, Florida Statutes (1985) specifically distinguishes between the prerequisites for the preservation of an owner and a lienholder’s rights in seized property. Compare § 932.703(2), Fla.Stat. (1985) (requiring an owner to demonstrate reasonable lack of knowledge that property was used for criminal activity) with § 932.-703(3), Fla.Stat. (1985) (requiring, in addition to the “lack of knowledge” requirement, that lienholder have acquired a perfected lien in the property prior to seizure). Wheels Unlimited, Inc. was decided under section 932.703(2), Florida Statutes (1985). The determinative issue was whether the intervenor corporation had an ownership interest in a seized motor vehicle where its name did not appear on the vehicle’s certificate of title. The court held that the statute requiring an owner to be listed on a vehicle’s certificate of title, section 319.22, Florida Statutes (1985), did not preclude the owner from proving that it had an interest in the seized vehicle which was protected by section 932.703(2), Florida Statutes (1985). Our original opinion held that the trial court properly denied DV & A’s motion to set aside its final order of forfeiture because DV & A had failed to allege facts sufficient to show that it held a perfected lien as required by section 932.-703(3), Florida Statutes (1985). As such, it is clearly unaffected by Wheels Unlimited, Inc. v. Lamar, 492 So.2d 785 (Fla. 5th DCA 1986).
Rehearing having been granted and considered, we adhere to our original decision and affirm.