513 So.2d 135 (1987)
Lawson L. LAMAR, Etc., Petitioner,
v.
WHEELS UNLIMITED, INC., Respondent.
No. 69286.
Supreme Court of Florida.
October 1, 1987.
William C. Vose, General Counsel and J. Edwin Mills, Asst. Gen. Counsel, Orlando, for petitioner.
Marc L. Lubet and Mark S. Blechman of Lubet & Woodard, P.A., Orlando, for respondent.
Robert A. Butterworth, Atty. Gen., David K. Miller, Chief Counsel, Economic Crime Litigation Div. and Eric J. Taylor, Asst. Atty. Gen., Tallahassee, for Atty. Gen., amicus curiae.
GRIMES, Justice.
We review the decision in Wheels Unlimited, Inc. v. Lamar, 492 So.2d 785 (Fla. 5th DCA 1986), because of its conflict with In re Forfeiture of One 1946 Lockheed L-18 Loadstar, 493 So.2d 10 (Fla. 2d DCA 1986). Art. V, § 3(b)(3), Fla. Const.
Pursuant to sections 932.701-932.704, Florida Statutes (1985), the Sheriff of Orange County sued to forfeit an automobile which had been seized as allegedly being used as an instrumentality in the commission of a crime involving controlled substances. Wheels Unlimited, Inc., (Wheels) sought to contest the forfeiture by claiming *136 an ownership interest in the automobile and asserting that it was unaware that the automobile was being used in suspected criminal activities. The trial court ruled that Wheels had no standing because its claimed interest in the motor vehicle was not evidenced by a certificate of title. In reversing the summary judgment, the district court of appeal held that there were genuine issues of fact concerning (1) whether Wheels had an equitable ownership in the vehicle that entitled it to possession as against the sheriff, and (2) whether such ownership interest was protected from forfeiture because the owner did not know the vehicle was being used for illegal activities.
The basis for the claim of ownership asserted by Wheels was aptly described by the district court of appeal in its recitation of the trial court proceedings:
The sheriff moved for summary judgment with documentation evidencing that the manufacturer's certificate of origin was issued to Regency Autohaus, Inc., which dealer transferred the certificate to Epicure International, Inc., which company was shown as owner on a certificate of title issued by the Department of Motor Vehicles. The sheriff also filed an affidavit by an officer of Epicure International, Inc., which stated that Epicure traded the subject vehicle to Van [sic] Ward Porsche Audi, Inc. The sheriff also filed a letter from Val Ward Porsche Audi, Inc., stating that the company had sold the vehicle to Vehicles Unlimited, Inc. In opposition to the motion for summary judgment Wheels Unlimited filed several affidavits. An affidavit from Godby stated he put monies into a partnership known as Tropical Wheels to buy the vehicle from Vehicles Unlimited, that he, Godby, received the vehicle when the partnership was dissolved, and he then gave it to Wheels Unlimited, Inc. as a capital contribution when that corporation was formed. An affidavit by one Lunsford affirmed that he and Godby, as a partnership doing business as Tropical Wheels, owned the vehicle and that Godby received the vehicle as a partnership distribution. An affidavit by one Waldorf stated he and Godby co-owned the corporation Wheels Unlimited, Inc. and that Godby brought the vehicle into the corporation as a capital contribution but that the title was never formally transferred to the corporation.
492 So.2d at 786. The district court of appeal reasoned that section 319.22, Florida Statutes (1985), dealing with the transfer of title to motor vehicles, was not calculated to prohibit courts from recognizing equitable interests which were not asserted in opposition to the rights of good faith purchasers who had relied upon a duly issued certificate of title.[1]
In Lockheed the court held that one claiming to be a bona fide purchaser for value could not contest the forfeiture of an airplane because his instrument of title was not recorded in the office of the Federal Aviation Administrator as required by section 329.01, Florida Statutes (1985). We approve the principle of Lockheed and find it applicable to the case at hand.
The Florida Contraband Forfeiture Act provides in section 932.703(2), Florida Statutes (1985):
No property shall be forfeited under the provisions of ss. 932.701-932.704 if the owner of such property establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was being employed or was likely to be employed in criminal activity.
The statute does not define the term "owner." Other statutes, however, do deal with motor vehicle ownership issues.
The statutory provisions pertaining to title certificates for motor vehicles are contained in chapter 319, Florida Statutes. Section 319.21(2), Florida Statutes (1985), provides in part:
No person shall sell or otherwise dispose of a motor vehicle or mobile home without delivering to the purchaser or transferee thereof a certificate of title with such assignment thereon as may be necessary to show title in the purchaser. No person shall purchase or otherwise acquire or bring into the state a motor vehicle or mobile home, except for temporary use, unless such person obtains a certificate of title for it in his name in accordance with the provisions of this chapter. However, any licensed dealer may, in lieu of having a certificate of title issued in his name, reassign any existing certificate of title issued in this state.
*137 Thus, except in the case of licensed dealers, the purchase of a motor vehicle is prohibited unless the purchaser obtains a properly executed certificate of title. For convenience, a licensed dealer may simply reassign the certificate, but, of course, any nondealer purchaser will have to obtain a title in his name.
Section 319.22(1), Florida Statutes (1985), states:
(1) Except as provided in ss. 319.21 and 319.28, a person acquiring a motor vehicle or mobile home from the owner thereof, whether or not the owner is a licensed dealer, shall not acquire marketable title to the motor vehicle or mobile home until he has had issued to him a certificate of title to the motor vehicle or mobile home; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title or an assignment of such certificate for such motor vehicle or mobile home for a valuable consideration. Except as otherwise provided herein, no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle or mobile home sold, disposed of, mortgaged, or encumbered, unless evidenced by a certificate of title duly issued to that person, in accordance with the provisions of this chapter.

(Emphasis added.) Subsection (3) of the same statute specifies that in the case of private or casual sales, no notary public shall notarize a title transfer unless the certificate contains the name of the purchaser. Subsection (4) requires the sales price to be recorded, and subsection (5) mandates the indication of the odometer reading. Section 319.23(1), Florida Statutes (1985), requires the application for a title certificate to be notarized. Nowhere in chapter 319 is there any mention of an equitable interest in ownership.
We believe that the district court of appeal read section 319.22 too narrowly when it reasoned that its basic purpose was to protect bona fide owners of motor vehicles who have relied upon duly issued certificates of title. When read as a whole and in conjunction with the rest of the chapter, the statute reflects an intent that title to motor vehicles in Florida may only be transferred pursuant to the provisions of chapter 319.[2] It is logical to conclude that the legislature intended for the protections of section 932.703(2) to extend only to those parties who have acquired ownership of their vehicles in a lawful manner. Thus, we hold that the term "owner" with respect to motor vehicles being forfeited under the Florida Contraband Forfeiture Act is limited to one who has obtained a title certificate pursuant to chapter 319 or who falls within one of the enumerated statutory exceptions.[3]
Our ruling is consistent with those decisions which hold that parties seeking to claim a lienholder's interest in motor vehicles being forfeited under sections 932.701-932.704 must have recorded their liens with the Department of Highway Safety and Motor Vehicles. In re Forfeiture of One 1979 Chevrolet C10 Van, 490 So.2d 240 (Fla. 2d DCA 1986); Smith v. City of Miami Beach, 440 So.2d 611 (Fla. 3d DCA 1983). Admittedly, the language of section 932.703(3), Florida Statutes (1985), is more specific as related to liens in that it requires *138 the lien be perfected in the manner prescribed by law. However, given the legal method of obtaining motor vehicle titles set forth in chapter 319, we do not believe that the legislature intended that unrecorded equitable claims of ownership should be treated differently than liens in forfeiture proceedings.
Because Wheels did not hold a certificate of title to the automobile, it did not have standing to contest the forfeiture. We quash the decision of the district court of appeal with directions that the summary judgment be reinstated.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW and KOGAN, JJ., concur.
OVERTON, J., concurs in result only with an opinion.
BARKETT, J., dissents with an opinion.
OVERTON, Justice, concurring in result only.
I concur in result only. I would not deny standing to an individual who has a valid equitable claim against the title to a vehicle. I do not read the applicable statutes and the intent of the legislature as foreclosing a truly innocent person, who has an equitable lien against the vehicle, from presenting his claim in a forfeiture proceeding. I do not find the party in this case to be innocent or to have an equitable claim.
BARKETT, Justice, dissenting.
I respectfully dissent. Under section 932.704, Florida Statutes, which must be strictly construed, notice of forfeiture proceedings is to be given to "all others who claim an interest" in the subject property. I do not believe that section 319.22(1), Florida Statutes, bars the assertion of an interest, irrespective of its equitable nature. I agree with the district court that:
The salutary purpose of this statute [319.22(1)] is to stabilize the ownership, sale, and transfer of motor vehicles and to protect the rights of bona fide owners of motor vehicles by requiring one method of transferring record title and protecting those who rely upon a recorded certificate of title.
Wheels Unlimited, Inc. v. Lamar, 492 So.2d 785, 787 (Fla. 5th DCA 1986). There are situations where an innocent third party has, for whatever reason, not obtained a recorded certificate of title but clearly has a lawfully acquired equitable interest. That innocent person should have standing to assert that equitable claim in forfeiture proceedings.
NOTES
[1] The Attorney General has filed an amicus brief raising the pragmatic, if not legal, contention that the ruling below will permit the introduction of spurious claims of equitable ownership in forfeiture proceedings which the state may have no means to rebut.
[2] Our ruling should not be construed to mean that one having an equitable claim of ownership to a motor vehicle may not resort to court action to compel another to transfer the certificate of title or to pay damages.
[3] Obviously, one who had complied with the requirements of chapter 319 but had not yet received a title certificate would not be denied standing in a forfeiture proceeding.