# IN RE: FORFEITURE OF ONE 1986 CESSNA 206 G AIRCRAFT

## Seventeenth Judicial Circuit, Broward County

June 26, 1989 - Order and August 1, 1989 Final Judgment and Final Order of Forfeiture

## OPINION OF THE COURT

DALE ROSS, Circuit Judge.

### ORDER

THIS CAUSE came on for an evidentiary hearing on June 9, 1989 for a determination of Claimant/ALPA, LTDA'S standing to contest the forfeiture herein. The court after considering the testimony and documents entered into evidence, hearing arguments of counsel and being otherwise apprised in the premises, finds that Claimant/ALPA, LTDA does not have standing to contest said forfeiture. The Court hereby makes the following findings of fact and conclusion of law:

### FINDINGS OF FACT

1) The evidence demonstrates the aircraft was paid for in cash and

tendered by unknown Brazilian nationals through a computer distributor (Fastex International, Inc). The cash had been filtered, via refund, into two cashiers checks made payable to Cessna Aircraft. There was no evidence presented to suggest that the funds used to purchase the aircraft were supplied to ALPA, LTDA. In addition to the covert nature of the payment process for the purchase of the aircraft, ALPA'S cash flow during the period in question indicates that the company simply did not have the funds available to purchase a brand new Cessna 206 G aircraft.

2) Title to the aircraft was placed in the name "ALPA" at the request of one Omar Varela (an aircraft broker with no ownership interest in "ALPA"), who did not appear at the hearing to offer testimony.

3) The aircraft was to be exported and resold out of the country, as it was deregistered as a United States aircraft effective October 16, 1986. Notwithstanding, the aircraft remained in the United States (at the Fort Lauderdale Executive Airport), until January 20, 1988, when it was seized by the Fort Lauderdale Police Department and was identified by a deregistered tail number that had been significantly altered.

4) The aircraft was flown to Freeport, Bahamas, on June 6, 1987. During that flight the pilot indicated to the United States Customs Service, as indicated on the Private Aircraft Inspection Report (entered into evidence), that the owner of the aircraft was "Distribuidora Aero Agricola, Costa Rica," and not ALPA, LTDA.

5) The deposition of Javier Castillo (entered into evidence) indicates that Castillo, the current owner of ALPA, LTDA, had no direct knowledge of ownership of the aircraft, and does not affirmatively assert any ownership interest in the aircraft.

## CONCLUSIONS OF LAW

1) The Claimant relies upon *Forfeiture of One 1946 Lockheed L-18 Loadstar,* 493 So.2d 10 (Fla. 2d DCA 1986), approved in *Lamar v Wheels Unlimited, Inc.,* 513 So.2d 135 (Fla. 1987), to support its proposition that solely because the name "ALPA" appears on a bill of sale submitted to the Federal Aviation Administration, then ALPA has standing to contest the forfeiture. The facts and evidence presented distinguish the instant case from the case law in support of this flawed proposition.

2) The Court takes exception to Claimant's assertion that *Lamar* and *Lockheed* stand for the proposition that possession of bare legal title is

sufficient to confer standing on said entity. The testimony and evidence presented support Petitioner/City of Fort Lauderdale's threshold argument that ALPA, LTDA lacks standing to challenge the forfeiture, despite the fact that the name "ALPA" appears on a bill of sale. The Court exercised its legal authority and looked behind the bare legal title in making a determination as to whether the "title holder" (ALPA, LTDA) is merely a "straw man" used to hide the identity of the true owner. *U.S. v One 1977 36 Foot Cigarette Ocean Racer,* 624 F. Supp. 290 (S.D. Fla. 1985). (See also: *Smith v Hindery,* 454 So.2d 663 at page 671 (Fla. 1st DCA 1984) overruled on other grounds, 493 So.2d 433 (Fla. 1986); *Marks v State,* 416 So.2d 872 (Fla. 5th DCA 1982). An ownership interest can be evidenced by showing, inter alia, actual possession, control and financial stake in the property seized for forfeiture. *United States v One 1945 Douglas C-54 Aircraft,* 647 F.2d 868 (8th Cir. 1981). The aircraft subjudice was in the possession of three Brazilian males at the time of seizure; it was flown to the Bahamas by a Brazilian pilot and two Brazilian passengers and thus, under their control; and the funds that were ultimately used to purchase the aircraft were supplied by two unknown Brazilian nationals. Looking behind the bill of sale, the Court finds that ALPA neither possessed, nor controlled the aircraft, and since it did not supply the funds to purchase the aircraft, it has no financial stake in the outcome of the instant forfeiture action.

3) Standing is a threshold issue. *In Re Forfeiture of Cessna 401 Aircraft,* 431 So.2d 674 (Fla. 4th DCA 1983). If the Claimant, ALPA, LTDA lacks standing, it cannot challenge the instant forfeiture action. The burden of establishing standing is on the Claimant. *U.S. v One 1988 36 Foot Cigarette Ocean Racer,* supra. ALPA, LTDA did not present any evidence or testimony in support of its claim of ownership, and failed to meet its burden.

BASED on the foregoing, as a matter of fact and law, it is

ORDERED AND ADJUDGED that ALPA, LTDA does not have standing to contest the forfeiture of the subject aircraft, and that ALPA, LTDA'S pleadings are hereby stricken in their entirety.

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 26th day of June, 1989.

*FINAL JUDGMENT AND FINAL ORDER OF FORFEITURE*

THIS ACTION having come before the Court and on the evidence presented the Court makes the following findings:

1. The subject matter of this action is one 1986 Cessna 206 G Aircraft, Registration No. N9927R, Serial No. U20606986.

2. The exclusive and controlling statutory authority for the instant action is the Florida Contraband Forfeiture Act, Section 932.701-705, Florida Statutes (1987).

3. The notice provisions as required by said Act have been met, and all persons who may have a claim of ownership in the above described property have been provided the opportunity to file responsive pleadings and notified of the trial date scheduled for this action.

4. On September 19, 1988, the Clerk of Court pursuant to Florida Rule of Civil Procedure 1.500(a), entered a default against those who may have had an ownership interest of the above described property, except ALPA, LTDA, for failure to file or serve any paper in the action.

5. On January 20, 1989, the aforementioned 1986 Cessna 206 G Aircraft, Registration No. N9927R, Serial No. U20606986 was used or was intended to be used, or was actually employed as an instrumentality in the commission of, or in the aiding or abetting in the commission of any felony, in violation of Sections 329.10 and 329.11, Florida Statutes (1987), to wit: Said 1986 Cessna 206 G Aircraft, Registration No. N9927R, Serial No. U20606986 possessed unlawful identification numbers pursuant to Section 329.11, Florida Statutes (1987), and false information as to ownership of the subject aircraft was provided to the Federal Aviation Administration, a government agency, in violation of Section 329.10(3), Florida Statutes (1987).

6. The said 1986 Cessna 106 G aircraft, Registration No. N9927R, Serial No. U20606986 was seized by law enforcement officers of the Fort Lauderdale Police Department for felony aircraft registration and identification violations, in violation of Sections 329.10 and 329.11, Florida Statutes (1987).

7. The Court adopts and incorporates by reference its Findings of Fact and Conclusions of Law as contained in its Order of June 26, 1986, striking all pleadings of ALPA, LTDA for lack of standing to contest the forfeiture of the aforementioned aircraft.

BASED upon the pleadings, supporting affidavit and the totality of the circumstances, ALPA; ALPA, LTD; ALPA, LTDA; DIACSA, INC.; Omar Varela, and all other persons who may claim an interest in said property, knew or should have known said property had been used or was intended to be used, or was actually employed as an instrumentality in the commission of, or in the aiding or abetting in the commission of, any felony, contrary to Sections 329.10 and 329.11,

124

Florida Statutes (1987), and therefore is subject to a final judgment of forfeiture pursuant to Florida Rule of Civil Procedure 1.500(e) and Section 932.701-705, Florida Statutes (1987).

WHEREFORE, it is hereby Ordered and Adjudged that said 1986 Cessna 206 G aircraft, Registration No. N9927R, Serial No. U20606986 is hereby forfeited to the City of Fort Lauderdale, Florida, for the use of or sale by the City pursuant to Section 932.702-705, Florida Statutes (1987).

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 1st day of August, 1989.