609 So.2d 24 (1992)
Randall C. BYROM, Petitioner,
v.
Walt GALLAGHER, etc., Respondent.
No. 77981.
Supreme Court of Florida.
November 19, 1992.
David Paul Horan of Horan, Horan & Esquinaldo, Key West, for petitioner.
Margaret S. Marshall, Asst. Gen. Counsel, Sheriff of Orange County, Orlando, for respondent.
HARDING, Justice.
We have for review Byrom v. Gallagher, 578 So.2d 715, 718 (Fla. 5th DCA 1990), in which the Fifth District Court of Appeal certified the following question of great public importance:
DOES A BONA FIDE PURCHASER OF ALLEGED CONTRABAND PROPERTY IN WHICH HE HAS EQUITABLE BUT *25 NOT PERFECTED INTEREST HAVE STANDING TO CONTEST A FORFEITURE OF SUCH PROPERTY IF IT IS SEIZED AS CONTRABAND BY A LAW ENFORCEMENT AGENCY PURSUANT TO SECTION 932.702, FLORIDA STATUTES (1987), WHEN THE PURCHASER'S RECORD TITLE IS PERFECTED SUBSEQUENT TO SEIZURE BUT PRIOR TO THE FORFEITURE PROCEEDING?
We accept jurisdiction based on article V, section 3(b)(4) of the Florida Constitution and answer the question in the affirmative.
Joseph Capuzzo (Capuzzo), a/k/a Joseph Comillo, the secretary-treasurer of World Wide Air Service, executed and delivered the bill of sale of a Piper Seneca Aircraft N300DE to Randall Byrom (Byrom), one of World Wide Air Service's pilots, on November 1, 1988. The bill of sale was sent to the Federal Aviation Administration (F.A.A.) to register the airplane's ownership transfer from World Wide Air Service to Byrom. We note that the record does not indicate the date that the bill of sale was mailed to the F.A.A.
On November 7, 1988, Capuzzo and his attorney borrowed the airplane from Byrom in order to fly from Fort Lauderdale to Orlando to attend Capuzzo's sentencing hearing for cocaine trafficking. Capuzzo's attorney had requested a continuance for the sentencing hearing, which the trial court denied. When Capuzzo learned that the trial court had not granted his continuance, he left the courthouse and failed to appear for his sentencing hearing. Approximately thirty minutes after he failed to appear at the sentencing hearing, Capuzzo flew the airplane to Pompano Beach where he abandoned it at the airport. The Pompano Beach police seized the airplane and returned it to Orlando.
Sheriff Gallagher notified the F.A.A. that the Orange County Sheriff's department had seized the airplane on November 7, 1988. At the time of seizure, the F.A.A. registry showed that the airplane was registered to World Wide Air Service. The registry did not show the transfer of ownership to Byrom. In fact, the record indicates that the F.A.A. did not clock in Byrom's bill of sale until November 15, 1988. On December 1, 1988, the F.A.A. issued Byrom a certificate of aircraft registration.[1] In addition, the Florida Department of State corporate registration records also showed that Joseph A. Comillo (a/k/a Capuzzo) owned World Wide Air Service at the time of the seizure. However, the Secretary of State had involuntarily dissolved World Wide Air Service three days prior to the seizure on November 4, 1988.
Sheriff Gallagher served and published forfeiture notices on May 26, 1989 to World Wide Air Service in care of its registered agent Mitch T. McRae, Joseph Comillo, Minnesota Mining and Manufacturing Company and Byrom. Byrom is the only claimant that asserted an interest in the airplane. The circuit court, however, found that Byrom lacked standing to contest the forfeiture of the airplane, and thus issued a forfeiture judgment on December 5, 1989. Byrom appealed to the Fifth District Court of Appeal which upheld the trial court.
The Fifth District Court of Appeal found that section 932.704(1), Florida Statutes (1987), allowed Sheriff Gallagher to perfect title in the airplane at the time of its seizure *26 on November 7, 1988. Further, the district court applied section 329.01, Florida Statutes (1987), which states in pertinent part that "no instrument which affects the title or interest in any civil aircraft of the United States, or any portion thereof, is valid ... until such instrument is recorded in the office of the Federal Aviation Administration." Thus, because the F.A.A. had not recorded Byrom's interest in the airplane until after the seizure, the district court concluded that Bryom did not have standing to contest the forfeiture. On rehearing, the district court upheld its previous ruling relying on Lamar v. Wheels Unlimited, Inc., 513 So.2d 135 (Fla. 1987), and In re Forfeiture of One 1946 Lockheed L-18 Loadstar, 493 So.2d 10 (Fla. 2d DCA 1986). The district court, however, noted that in Lamar and Lockheed the facts were unclear whether the appellants had obtained record title before the forfeiture hearing. The district court certified the question to this Court.
Forfeiture actions are harsh exactions and are generally not favored in either law or equity. Therefore, this Court has strictly construed the forfeiture statutes. Department of Law Enf. v. Real Property, 588 So.2d 957, 961 (Fla. 1991). Because forfeiture actions are harsh and involve the state's abridgement of a person's property rights, a forfeiture action must satisfy substantive and procedural due process requirements. Id. at 963. These include providing a person with notice of the seizure and an opportunity to be heard. Id. Inherent in this framework is the threshold requirement that only persons who have standing can participate in a judicial proceeding. Henry P. Trawick, Florida Practice and Procedure § 4-15 (1991).
In Lamar, this Court addressed a person's standing to contest the forfeiture of an automobile where that person had an equitable but unrecorded interest in the car. We held "that the term `owner' with respect to motor vehicles being forfeited under the Florida Contraband Forfeiture Act is limited to one who has obtained a title certificate pursuant to chapter 319 or who falls within one of the enumerated statutory exceptions." Lamar, 513 So.2d at 137. In addition, we stated that "one who [has] complied with the requirements of chapter 319 but [has] not yet received a title certificate would not be denied standing in a forfeiture proceeding." Id. at 137 n. 3. Lamar approved the holding in Lockheed that a bona fide purchaser for value could not contest the forfeiture of an airplane because the instrument of title was not recorded in the F.A.A.'s registry. Lamar, 513 So.2d at 136. Thus, both Lamar and Lockheed assert the proposition that standing is limited only to those persons who can show a recorded title or compliance with the requirements for receiving title.[2] The fact that a person is a bona fide purchaser in itself is not adequate to give a party standing.
We recognize that relying solely on title registration or compliance with the title requirements in order to grant standing may result in some persons attempting fraudulent transfers in order to avoid a forfeiture. Consequently, in determining whether a person has standing the trial judge should consider: 1) whether that person holds legal title at the time of the forfeiture hearing or has complied with the requirements for receiving title; and 2) whether that person is in fact a bona fide purchaser. The trial judge should consider the facts surrounding the sale to determine whether the transfer is in fact a bona fide purchase. The relationship of the parties, the date the instruments were executed, the value of the property, the sale price, and cancelled checks or bank deposits to show actual payment and receipt of money are all factors which the trial court should consider in determining whether the transfer is a bona fide purchase. This list is not intended to be exhaustive but rather illustrative of the consideration to be made by the trial judge. In making the determination *27 whether a title holder is also a bona fide purchaser, the trial judge should be able to sift the wheat from the chaff.[3]
Applying the law to the facts of the instant case, we find that unlike the appellants in Lamar and Lockheed, Byrom clearly was the title holder and registered owner of the airplane at the time of the forfeiture hearing. We find, however, the record is not clear that Byrom is a bona fide purchaser. Consequently, there should be a factual determination as to whether Byrom is a bona fide purchaser. If the facts show that Byrom is a bona fide purchaser, then as the legal title holder of the property at the time of the forfeiture hearing he should be given an opportunity to be heard.
Accordingly, we answer the certified question in the affirmative and quash the decision below. We remand this case for proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We note that the Federal Aviation Administration's certificate of registration states "[t]his certificate is issued for registration purposes only and is not a certificate of title." However, Florida recognizes the Federal Aviation Administration's registration as validly effecting title without any further recordation in the state. Section 329.01, Florida Statutes (1987) states:

 No instrument which affects the title to or interest in any civil aircraft of the United States, or any portion thereof, is valid in respect to such aircraft, or portion thereof, against any person, other than the person by whom the instrument is made or given, his heirs or devisee, and any person having actual notice thereof, until such instrument is recorded in the office of the Federal Aviation Administrator of the United States, or such other office as is designated by the laws of the United States as the one in which such instruments should be filed. Every such instrument so recorded in such office is valid as to all persons without further recordation in any office of this state. Any instrument required to be recorded by the provisions of this section takes effect from the date of its recordation and not from the date of its execution.
[2] We recognize, of course, that parties such as bona fide lien holders also have standing based on section 932.703(3), Florida Statutes (1987). However, the standing of a bona fide lien holder is not at issue in this case.
[3] We note that this decision is limited to property which the State has required that a person have a title or compliance with title requirements to show ownership. Thus, a party would only have to show that he or she is a bona fide purchaser where the seized property is not subject to the State's title laws.