707 So.2d 791 (1998)
Ron COCHRAN, Sheriff of Broward County, Florida, Appellant,
v.
Rick JONES and Florida European, Inc., Appellees.
No. 96-3280.
District Court of Appeal of Florida, Fourth District.
February 4, 1998.
*792 Ronald R. Torres of Whitelock, Rodriguez & Williams, P.A., Fort Lauderdale, for appellant.
David S. McDonald, Orlando, for appellees.
SHAHOOD, Judge.
This is an appeal from final judgment denying appellant's, Ron Cochran, as Sheriff of Broward County, Verified Complaint for Forfeiture of one 1994 Cadillac Seville STS and one 1992 Mercedes Benz 500 SL. The final judgment addresses only the 1992 Mercedes Benz automobile[1]. The trial court did not address the issue of standing to assert a claim. As such, we reverse and remand to the trial court with directions to determine whether appellees have "standing" to assert a claim in these forfeiture proceedings.
In June 1994, a compliance examiner for the Florida Division of Motor Vehicles discovered a stolen Canadian title certificate. The examiner was then advised by U.S. Customs that, in fact, several blank Canadian title certificates had been stolen. Examination of one vehicle bearing one of the Canadian title certificates, later determined to be stolen, led investigators to appellee Rick Jones ("Jones"), president of appellee Florida European, Inc. ("Florida European"), a licensed motor vehicle dealer. Further investigation revealed that Florida European had obtained several stolen vehicles through a single broker, Al Baker, including the subject Mercedes Benz, bearing the Canadian title certificates. On August 30, 1994, the vehicles were seized by the appellant. All of the vehicles with the exception of the Mercedes Benz were returned to their rightful owners.
However, because the original vehicle identification numbers ("VIN") and stickers on the Mercedes Benz had been either removed or cut out and replaced with counterfeit VIN numbers, that car was deemed unidentifiable. As a result, the appellant initiated these forfeiture proceedings as to the Mercedes Benz.
In their answer and affirmative defenses, appellee Jones, in his individual capacity, and appellee Florida European, asserted that they neither knew nor should have known that the vehicles at issue were stolen or had altered vehicle identification numbers. They maintained that since they purchased the vehicles from the broker and since the original vehicle identification numbers on the vehicles are unidentifiable, Florida European's ownership interest is superior to any others known, including the appellant.
*793 At the final hearing, Jones testified that he was the owner of Florida European, a licensed motor vehicle dealer that wholesaled automobiles. Jones further testified that Baker approached him asking if Jones was interested in purchasing the Mercedes Benz from friends of Baker's in Canada. Baker explained that Canadians bring their cars down to sell because of the dollar exchange. On March 28, 1994, Florida European purchased the 1992 Mercedes Benz for $66,644 in a check made payable to John Sternthahl, the title owner of the vehicle as reflected by the Canadian Title. In total, Jones bought four cars from Baker. Jones explained that the title is not required to be present in a commercial transaction, that is, a dealer can reassign or transfer title to the next owner without physically possessing it.
In checking the vehicle, Jones stated that he looks at the paint to see if the car had been damaged and to see if anything is wrong with the car. He then asked for the registration or title and compared that with the serial number on the car. Since all of the numbers matched, Jones purchased the car. Jones only looked at the VIN numbers under the windshield. He did not look at the door jamb or for the secondary hidden numbers. Jones did not recall the date of issuance on the title certificate. Jones stated that he purchased the vehicle in good faith and did not know that the vehicle was stolen.
In April of 1994, the Mercedes Benz was sold to the Fort Lauderdale Collection for the sum of $70,000. Subsequently thereafter, the vehicle was confiscated by appellant from the Fort Lauderdale Collection. Following the confiscation of the vehicle, Florida European agreed to make monthly payments to the Fort Lauderdale Collection until made whole. Jones stated that he paid the money back to the Fort Lauderdale collection.
As to the issue of whether appellees had standing as claimants in the forfeiture proceedings, it was the position of the appellant that standing had not been established because a thief cannot pass good title and, therefore, Jones' purchase of the stolen vehicle did not pass valid ownership to him. As to Jones, individually, the appellant argued that he had no standing since all of the checks and sales receipts concerning the sales transaction for the Mercedes were from Florida European, the corporation, and not, Jones, individually. Further, the appellant claimed that Jones did not prove a necessary element for standing, since title did not come back.
To the contrary, appellee Jones argued that since he testified that he paid Fort Lauderdale Collection its money, he is subrogated to stand in its shoes in this matter. Additionally, Jones stated that the Fort Lauderdale Collection returned the title to him.
Following a hearing, the trial court entered final judgment and held as follows:
1. Claimant neither knew nor should have known [that the] automobile was stolen.
2. The true owner, from whom the vehicle was stolen has never been located although such true owner would have had the highest claim.
3. The claimants right of ownership to the automobile vis a vis his payment of good and valuable consideration is higher than of the Petitioner here.
In denying appellant's petition, the trial court directed for the vehicle to be released to Jones, individually, and as President of Florida European, without addressing the standing issue.
The issue before the court is whether Florida European or Jones qualifies as a "claimant" within the meaning of the Florida Contraband Forfeiture Act in order to contest the forfeiture action.
Under the Florida Contraband Forfeiture Act, section 932.701(2)(h), Florida Statutes (1993), a "claimant" is defined as "any party who has proprietary interest in property subject to forfeiture and has standing to challenge such forfeiture, including owners, registered owners, bona fide lienholders, and titleholders." Hence, under this subsection, in order to qualify as a "claimant," the party seeking status as a claimant must satisfy a two-prong test: (1) to have a proprietary interest in the property seized and (2) have standing to challenge the forfeiture.
*794 As forfeiture actions are harsh exactions and are generally not favored in either law or equity, courts have strictly construed the forfeiture statutes. See Byrom v. Gallagher, 609 So.2d 24, 26 (Fla.1992). Since forfeiture actions involve the state's abridgement of a person's property rights, such actions must satisfy substantive and procedural due process requirements, including notice of the seizure and an opportunity to be heard. See id.; § 932.701(2)(e), Fla. Stat. (1993). Inherent in this framework is the requirement that only persons who have standing can participate in the forfeiture proceeding. Byrom, 609 So.2d at 26 (emphasis added). The burden of establishing standing in forfeiture proceedings is on the claimant. See In re Forfeiture of 1983 Wellcraft Scarab, 487 So.2d 306, 309 (Fla. 4th DCA), cause dismissed, 494 So.2d 1150 (Fla.1986). Thus, a claimant's standing to challenge the forfeiture is predicated on its ownership claim to the property. See In re Forfeiture of 40' Fiberglass Boat, 453 So.2d 207 (Fla. 4th DCA 1984)(in the absence of standing, all other issues become moot).
Appellant argues that despite appellees' unintentional purchase of a stolen automobile which because of the VIN alterations was rendered "contraband" pursuant to § 319.33(7)(a), Florida Statutes (1993)[2], appellees lack standing to contest the forfeiture action.
In Lamar v. Wheels Unlimited, Inc. 513 So.2d 135 (Fla.1987), the Florida Supreme Court addressed a person's standing to contest the forfeiture of an automobile where that person claimed an equitable but unrecorded interest in the car. The appellant sued to forfeit an automobile which had been seized as allegedly being used as an instrumentality in the commission of a crime involving controlled substances. Wheels Unlimited, a corporation, tried to contest the forfeiture claiming an ownership interest in the automobile and asserting that it was unaware that the automobile was being used in suspected criminal activities.
The Florida Supreme Court recognized that while the Florida Contraband Forfeiture Act does not define the term "owner," other statutes do deal in motor vehicle ownership issues. Lamar, 513 So.2d at 137. The court held "that the term `owner' with respect to motor vehicles being forfeited under the Florida Contraband Forfeiture Act is limited to one who has obtained a title certificate pursuant to chapter 319 or who falls within one of the enumerated statutory exceptions." See id. "The fact that a person is a bona fide purchaser in itself is not adequate to give a party standing." See id.
In Byrom, the court likewise explained that:
[I]n determining whether a person has standing the trial judge should consider: 1) whether that person holds legal title at the time of the forfeiture hearing or has complied with the requirements for receiving title; and 2) whether that person is in fact a bona fide purchaser. The trial judge should consider the facts surrounding the sale to determine whether the transfer is in fact a bona fide purchase.

*795 The relationship of the parties, the date the instruments were executed, the value of the property, the sale price, and cancelled checks or bank deposits to show actual payment and receipt of money are all factors which the trial court should consider in determining whether the transfer is a bona fide purchase. This list is not intended to be exhaustive but rather illustrative of the consideration to be made by the trial judge.
609 So.2d at 26 (emphasis in original). In Byrom, the court noted that its decision was limited to property which the state has required that a person have a title or compliance with title requirements to show ownership. Thus, a party would have to show only that he or she is a bona fide purchaser where the seized property is not subject to the state's title laws. 609 So.2d at 26 n. 3; see In re Forfeiture of One 1946 Lockheed L-18 Loadstar, 493 So.2d 10 (Fla. 2d DCA 1986) (Claimant was not owner of aircraft subject to forfeiture within the meaning of forfeiture statute and his interest was not subject to the protection of the statute, where although he contended he was a bona fide purchaser for value and record title holder of the aircraft, the bill of sale had not been recorded with the FAA and record title was still in the original owner.).
In this case, the trial court held that appellees neither knew nor should have known that the vehicle was stolen and that a right of ownership to the vehicle was established due to payment of good and valuable consideration. The trial court, however, made no finding as to whether appellees were the holders of the legal title at the time of the forfeiture hearing or otherwise complied with the requirements for receiving title.
Without a current title certificate in either appellee's name issued prior to the seizure or a reassignment of a title certificate issued in this state from the Fort Lauderdale Collection to Jones or Florida European, as provided by section 319.21(2), Florida Statutes (1993), legal title, and thus, ownership within the meaning of the Florida Contraband Forfeiture Act was not established. See Lamar.
Accordingly, we reverse and remand for the trial court to make a determination as to who was the "legal owner" within the meaning of Chapter 319 and therefore had "standing" to make the claim.
REVERSED AND REMANDED WITH DIRECTIONS.
WARNER and GROSS, JJ., concur.
NOTES
[1] The forfeiture of the Cadillac was subsequently dismissed upon the identification of the vehicle by its owner.
[2] The pertinent part of section 319.33(7)(a) and (b), Florida Statutes (1993) dealing with motor vehicles and title certificates provides as follows:

(a) If all identifying numbers of a motor vehicle or mobile home do not exist or have been destroyed, removed, covered, altered, or defaced, or if the real identity of the motor vehicle or mobile home cannot be determined, the motor vehicle or mobile home shall constitute contraband and shall be subject to forfeiture by a seizing law enforcement agency, pursuant to applicable provisions of ss. 932.701-932.704. Such motor vehicle shall not be operated on the streets and highways of the state unless, by written order of a court of competent jurisdiction, the department is directed to assign to the vehicle a replacement vehicle identification number which shall thereafter be used for identification purposes. If the motor vehicle is confiscated from a licensed motor vehicle dealer as defined in s. 320.27, the dealer's license shall be revoked.
(b) If all numbers or other identifying marks manufactured on a major component part have been altered, defaced, destroyed, or otherwise removed for the purpose of concealing the identity of the major component part, the part shall constitute contraband and shall be subject to forfeiture by a seizing law enforcement agency, pursuant to applicable provisions of ss. 932.701-932.704. Any major component part forfeited under this subsection shall be destroyed or disposed of in a manner so as to make it unusable.
(Emphasis added).