DAUKSCH, J.
Petitioner, Brad Webb, files a petition for writ of prohibition seeking review of the trial court’s order denying his motion to dismiss a forfeiture complaint filed by respondent, Department of Highway Safety. The sole issue for this court’s consideration is whether respondent timely filed its forfeiture complaint.
The record shows that on June 3, 1997, respondent seized petitioner’s 1994 Honda Prelude. On April 23, 1998, petitioner received by mail a notice of seizure and right to adversarial preliminary hearing which said that a 1994 Honda Prelude had been seized pursuant to the Florida Contraband Forfeiture Act and that a forfeiture action “may” be filed against the property. The document also said that anyone having a legal interest in the property could request an adversarial preliminary hearing in writing within fifteen days of his receipt of the notice.
On May 19, 1998, an adversarial preliminary hearing was held before the trial court. It is undisputed that a Florida Highway Patrol Trooper testified at the hearing that the Prelude had been in respondent’s possession for 325 days and that it had been seized because the vehicle identification number had allegedly been switched from another car that had been written off by an insurance company as a loss. Apparently, this was based upon the trooper’s belief that the Prelude could not have been involved in such a serious accident. Upon cross-examination, the trooper admitted that he had no formal training in automobile body work. He also testified that the Prelude had not been reported to have been stolen.
Respondent argued at the hearing that the Prelude had been seized as evidence in a criminal investigation and was therefore not subject to the filing requirements of the Florida Contraband Forfeiture Act. Section 932.704, Florida Statutes (1997) requires the seizing agency to “promptly proceed” in its forfeiture of contraband by filing a complaint in the trial court -within the jurisdiction where the seizure or offense occurred. Section 932.701(2)(c), Florida Statutes (1997) defines “promptly proceed” as filing the complaint within 45 days after seizure. Petitioner’s attorney moved for dismissal of respondent’s forfeiture complaint based upon its failure to comply with the statutory filing requirement and the trial court denied the motion.
On May 27, 1998, the trial court presiding at the adversarial preliminary hearing entered an order finding probable cause for respondent’s seizure and detainment of the Prelude. The court ordered respondent to file a forfeiture complaint within 20 days of the date of its order. Respondent filed its forfeiture complaint on June 16,1998.
Petitioner filed a motion to dismiss again based upon respondent’s failure to comply with the statutory filing requirement. Petitioner’s attorney argued at the hearing that the filing requirement was mandatory. Respondent’s attorney argued in response that petitioner had not been prejudiced by respondent’s delay in filing the forfeiture complaint and that the trial court had properly extended the 45-day time period for filing the complaint to 60 days. She relied upon section 932.703(3), Florida Statutes (1997) which says:
(3) Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act; however, such action may be maintained if forfeiture proceedings are not initiated -within 45 days after the date of seizure. However, if good cause is shown, the court may extend the aforementioned prohibition to 60 days.
Petitioner’s attorney argued in response that the trial court lacked jurisdiction to preside over the forfeiture proceeding on the ground *336 that it did not have discretion to extend the mandatory filing requirement.
The trial court entered an order denying petitioner’s motion to dismiss. Petitioner appealed the court’s order which this court later treated as a petition for writ of prohibition. This court ordered respondent to show cause why the petition for writ of prohibition should not be granted. In its response, respondent alleged that it had, with good cause, filed its forfeiture complaint within 60 days of the trial court’s order directing it to do so in accordance with section 932.703(3), referenced above. It argued specifically that on May 27, 1998, the trial court had ordered it to file its complaint within 20 days of the date of its order. It had done so by filing a forfeiture complaint on June 16,1998. Thus, respondent concluded that its complaint was filed within the 60-day period allowed in section 932.703(3).[1]
The trial court found that respondent had probable cause to seize the vehicle; apparently, the court determined that it was contraband under section 319.33(7)(a), Florida Statutes (1997). That statute provides in part the following:
319.33 Offenses involving vehicle identification numbers, ...
[[Image here]]
(7)(a) If all identifying numbers of a motor vehicle or mobile home do not exist or have been destroyed, removed, covered, altered, or defaced, or if the real identity of the motor vehicle or mobile home cannot be determined, the motor vehicle or mobile home shall constitute contraband and shall be subject to forfeiture by a seizing law enforcement agency, pursuant to applicable provisions of ss. 932.701-932.704_
Assuming the vehicle was contraband, this does not explain respondent’s delay in initially filing its forfeiture complaint. Admittedly, section 932.703(3) allows the trial court to extend the 45-day filing requirement to 60 days for good cause. The time periods, however, run from the date of seizure. In this case, the automobile was initially seized on June 3, 1997. Nothing was done until April 23, 1998 at which time respondent mailed petitioner a notice of seizure and right to adversarial preliminary hearing. The record contains no explanation for the delay other than the trooper’s testimony that the automobile was seized pursuant to a criminal investigation. It is well established that forfeiture statutes are to be strictly construed. See Cochran v. Jones, 707 So.2d 791 (Fla. 4th DCA 1998). Because respondent failed to “promptly proceed” in its forfeiture of the vehicle as required by section 932.704, petitioner’s petition for writ of prohibition is granted, the writ is issued, the trial court shall proceed no further except to cause the return of the vehicle to petitioner.
WRIT ISSUED.
GRIFFIN, C.J., and HARRIS, J„ concur.

. Apparently, respondent is calculating the 60-day period from April 23, 1998, the date on which petitioner received its notice of seizure and right to adversarial preliminary hearing.