826 So.2d 342 (2002)
In re Forfeiture of One 1988 LINCOLN TOWN CAR, VIN 1LNBM81F8JY612959 and One 1986 Lincoln Town Car, VIN 1LNBP96F7GY660841.
William F. Balkwill, as Sheriff of Sarasota County, Appellant,
v.
Joseph T. DeGregorio, Appellee.
No. 2D01-1249.
District Court of Appeal of Florida, Second District.
May 1, 2002.
*343 Electra Theodorides-Bustle, General Counsel, Sarasota, and Sarah E. Warren, Sarasota, co-counsel for Appellant.
Susan J. Silverman, Sarasota, for Appellee.
FULMER, Judge.
In this appeal, the Sheriff of Sarasota County contests a final summary judgment entered by the trial court in the forfeiture action. We reverse the summary judgment as it applies to the 1988 Lincoln Town Car because we conclude Joseph T. DeGregorio lacked standing to assert a claim to the vehicle.
In July 1999, the sheriffs office began an investigation into possible criminal activity involving two vehicles, a grey 1986 Lincoln Town Car and a blue 1988 Lincoln Town Car, located on DeGregorio's business property. The investigation revealed that the vehicle identification numbers on the vehicles had been altered. While DeGregorio was the titled owner to the 1986 vehicle, there was no record of the 1988 vehicle being titled or registered in Florida.
On July 12, 1999, the Sheriff seized both vehicles, and on November 4, 1999, the Sheriff filed a complaint for forfeiture against the two vehicles pursuant to the Florida Contraband Forfeiture Act, sections 932.701 to 932.707, Florida Statutes (1999). An order finding probable cause was issued on November 10, 1999. Thereafter, the Sheriff learned that the 1988 Lincoln was reported stolen on April 14, 1987, by Budget Rent A Car of New York and was never recovered. The Sheriff notified Budget Rent A Car of the seizure, and Budget Rent A Car released its interest in the vehicle to the Sheriff.
DeGregorio filed a claim to both vehicles in the forfeiture proceeding. To show his ownership, DeGregorio produced two bills of sale from Tommy G's Auto Sales, which were dated November 1996, for the Lincolns. He also produced a Florida vehicle registration for the 1986 Lincoln. He asserted that he neither knew nor should have known that the 1988 vehicle was stolen or was contraband and that he was the *344 true owner of the vehicle, as evidenced by his bill of sale. The Sheriff filed a motion to strike DeGregorio's answer for lack of standing as to the 1988 vehicle. DeGregorio responded that he had standing to challenge the forfeiture because he was a bona fide purchaser for value. The trial court denied the Sheriffs motion to strike.
DeGregorio moved for summary judgment asserting that because the vehicles were seized on July 12, 1999, and the complaint for forfeiture was filed on November 4, 1999, the Sheriff failed to promptly proceed in instituting the forfeiture proceeding within forty-five days after the seizure, as required by sections 932.701(2)(c), 932.703(3), and 932.704(4), Florida Statutes (1999). The trial court agreed that the Sheriff had failed to promptly proceed with the commencement of the forfeiture proceeding and, relying on In re Forfeiture of One (1) 1994 Honda Prelude, 730 So.2d 334 (Fla. 5th DCA 1999), granted a final summary judgment on behalf of DeGregorio.
On appeal, the Sheriff argues that the trial court erred in allowing DeGregorio to proceed with his motion for summary judgment as it related to the 1988 vehicle because DeGregorio did not establish standing to challenge forfeiture of that vehicle. We agree. In order to contest a forfeiture action, a claimant in a forfeiture proceeding bears the burden of establishing standing as a threshold requirement. See Cochran v. Jones, 707 So.2d 791, 794 (Fla. 4th DCA 1998). "[A] claimant's standing to challenge the forfeiture is predicated on its ownership claim to the property." Id. Ownership with respect to motor vehicles being forfeited is limited to one who holds legal title. Id. at 794-95; see also Byrom v. Gallagher, 609 So.2d 24, 26 (Fla.1992); Lamar v. Wheels Unlimited, Inc., 513 So.2d 135 (Fla.1987). Because DeGregorio did not hold legal title to the 1988 vehicle, the trial court erred in allowing him to proceed as a claimant and thus erred in granting his motion for summary judgment as to that vehicle.
Because our reversal of the summary final judgment reinstates the forfeiture proceeding, we next need to decide whether the Sheriff's failure to file the forfeiture complaint within forty-five days after seizure divested the trial court of subject matter jurisdiction. Section 932.704(4), Florida Statutes (1999), requires that the seizing agency "promptly proceed against the contraband article by filing a complaint in the circuit court within the jurisdiction where the seizure or the offense occurred." "Promptly proceed" is defined in section 932.701(2)(c) as the filing of the complaint "within 45 days after seizure." The only reference in the Act to a consequence of the failure to promptly proceed appears in section 932.703(3), which provides:
Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act; however, such action may be maintained if forfeiture proceedings are not initiated within 45 days after the date of seizure. However, if good cause is shown, the court may extend the aforementioned prohibition to 60 days.
We conclude that none of the three provisions cited above, nor any other provisions in the Act, bar the seizing agency from initiating a forfeiture action more than forty-five days after seizure. Therefore, we hold that the forty-five and sixty-day time periods operate only as a temporary prohibition or limitation on replevin actions and other claims by third parties and not as a jurisdictional bar. To the extent that our holding conflicts with the Fifth District's decision in In re Forfeiture of One (1) 1994 Honda Prelude, 730 So.2d *345 334 (Fla. 5th DCA 1999), we certify conflict.
Reversed and remanded.
ALTENBERND and SILBERMAN, JJ., Concur.