DAVIS, Judge.
The City of Sarasota (“the City”) challenges the trial court’s final order finding that Bradley Polanco had standing to challenge the forfeiture of a 2002 Cadillac Es-calade and that the City did not establish probable cause for the forfeiture. We reverse.
The instant forfeiture stems from an incident in which Peter Hoffman was arrested for drug trafficking following a controlled drug purchase conducted by Sarasota police officers. Hoffman arrived at his meetings with the officers in a 2002 Cadillac Escalade. Following his arrest, the Escalade was seized. The certificate of title for the Escalade was found in its glove box and bore the name Bradley Po-lanco. Polanco, however, had signed the certificate next to the word “seller”; no purchaser was specified on the certificate.
A certain sum of cash was also seized from Hoffman’s apartment, and forfeiture proceedings were initiated by the City with regard to both the cash and the Esca-lade. Hoffman requested an adversarial preliminary hearing, at which he conceded that he did not have standing to challenge the forfeiture of the Escalade; Hoffman proceeded at that hearing with only his challenge of the forfeiture of the cash.
Subsequently, Polanco requested an adversarial preliminary hearing in order to challenge the forfeiture of the Escalade. At the hearing, the City argued that Po-lanco did not have standing to make such a challenge. In support of this argument, the City presented evidence that Polanco had signed the Escalade’s certificate of title as the “seller,” had accepted $32,000 from Hoffman in exchange for the Esca-lade, had relinquished possession of the vehicle to Hoffman, and had told Hoffman to get the title transferred because he was going to drop the insurance he carried on the vehicle.
The trial court, however, concluded that Polanco did have standing and proceeded to the issue of probable cause to maintain the forfeiture action, ultimately concluding that the City did not establish probable cause.
On appeal, the City maintains that because Polanco had divested himself of his ownership interest in the Escalade, he did not have standing to challenge the forfeiture proceeding. Furthermore, the City argues that it did establish probable cause.
“[O ]nly persons who have standing can participate in [a] forfeiture proceeding.” Cochran v. Jones, 707 So.2d 791, 794 (Fla. 4th DCA 1998). Furthermore, “a claimant’s standing to challenge the forfeiture is predicated on its ownership claim to the property.” Id.
Here, the City argues that by signing the title, accepting $32,000, and handing over possession of the Escalade, Polan-co transferred his ownership interest to *1019 Hoffman. Polanco, however, claims that because the certifícate of title did not comply with the requirements of chapter 319, Florida Statute (2002) (requiring a certificate of title to specify the purchaser, sale price, and odometer reading), title did not transfer. We cannot agree with Polanco’s position.
A person acquiring a motor vehicle ... from the owner thereof, whether or not the owner is a licensed dealer, shall not acquire marketable title until he has had issued to him a certificate of title to the motor vehicle.... The purchaser’s failure to obtain the title certificate at the time of sale does not, however, prevent the passage of title from the seller to the buyer.
Green Tree Acceptance, Inc. v. Zimerman, 611 So.2d 608, 610 (Fla. 2d DCA 1993) (emphasis added). Accordingly, while the status of Hoffman’s ownership interest based on marketable title may be affected by the defects in the certificate of title, those defects did not prevent title from passing from Polanco.
Accordingly, we reverse the trial court’s conclusion that Polanco had standing to challenge the forfeiture action. As such, we need not address the issue of whether the City established probable cause.
Reversed.
SILBERMAN and COVINGTON, JJ., Concur.