[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15741
Non-Argument Calendar
_____

D.C. Docket No. 9:97-cr-08125-KLR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELWOOD COOPER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(August 1, 2012)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Elwood Cooper, a pro se federal prisoner, appeals the district court's denial

of his motion that sought (1) the return of two vehicles, pursuant to Federal Rule of Criminal Procedure 41(g); and (2) relief from the judgments entered in his previous cases challenging the forfeiture of U.S. currency, pursuant to Federal Rule of Civil Procedure 60(b).  After review, we affirm.

## I.  BACKGROUND

### A.     1997 Drug Convictions

In 1997, Cooper paid two people a down payment of $30,000 to assist him in transporting cocaine.  Unbeknownst to Cooper, the two people were confidential sources working with the Drug Enforcement Agency ("DEA").  The confidential sources turned the currency over to the government, and Cooper was ultimately arrested.  A jury convicted Cooper of various counts related to the importation and trafficking of cocaine.  Cooper currently is serving a life sentence.

### B.     2001 Rule 41(e) motion for Return of Currency in Criminal Proceedings

In 2001 in his criminal case, Cooper filed a Rule 41(e) motion for the return of $36,625, which consisted of: (1) the $30,000 down payment made in two payments of $24,210 and $5,800; (2) an additional $5,115 Cooper paid DEA sources during the undercover investigation; and (3) another $1,500 seized in

connection with Cooper's criminal case.[1]  The district court summarily denied

Cooper's Rule 41(e) motion.  Cooper did not appeal.

## C.    2002 Rule 60(b) Motion in Civil Proceedings

In May 2002, Cooper filed a second, pro se motion to set aside the forfeiture

of the currency and requested relief under Rule 60(b).  Cooper argued that the

government had committed fraud and other misconduct in forfeiting the currency.

Cooper's Rule 60(b) motion was construed as a civil complaint and given a

civil action number.  After the parties filed cross-motions for summary judgment,

a magistrate judge filed a report ("R&R") recommending that the government's

summary judgment motion be granted, and Cooper's summary judgment motion

be denied.  The R&R concluded that Cooper: (1) lacked standing with respect to

the $1,500 because he never presented evidence of a property interest in the funds;

(2) was not entitled to the return of the $30,000 because the currency was paid as

part of an illegal contract to transport cocaine; and (3) had not presented any

evidence the government still held the $5,115.

Over Cooper's objection, the district court adopted the R&R and dismissed

with prejudice Cooper's action to set aside the forfeiture.  This Court summarily

---

[1]In 2002, Rule 41 was amended and subsection (e) became subsection (g) with no substantive changes.  See Fed. R. Crim. P. 41, advisory committee note to 2002 amendments.

3

affirmed the district court's ruling.  See United States v. Cooper, No. 03-13543 (11th Cir. April 27, 2005) (unpublished).

**D.    2011 Motion under Rule 41(g) (as to Vehicles) and Rule 60(b) (as to Currency)**

In 2011 in his criminal case again, Cooper filed the present "Motion for Return of Additional Property Pursuant to Fed. R. Crim. P. 41(g) or, in the Alternative Motion to Set Aside Declaration of Forfeiture and Custody Order and Motion for Leave of the Court to Reopen the Case and an Evidentiary Hearing Thereon."  Cooper asked the district court to exercise equitable jurisdiction over his motion and order the return of a 1993 Infiniti and a 1988 BMW.

Cooper's motion asserted that: (1) he had not been provided notice of forfeiture of the vehicles, in violation of his due process rights; (2) he had standing to challenge the vehicles' forfeiture because he paid for them with his drug proceeds, but registered the vehicles in someone else's name; (3) he had a constructive possessory interest in the vehicles because, although the vehicles were registered in the names of others, the vehicles did not actually belong to those individuals; and (4) drug traffickers commonly put title of purchases in the names of family and friends.

In addition, Cooper asked the district court to reopen the judgment entered

in his earlier 2002 Rule 60(b) challenge to the currency forfeiture. Cooper asserted that he had new evidence that the currency forfeiture was fraudulently conducted. Cooper's evidence consisted of (1) copies of three cashier checks, in the amounts of $24,210, $5,899 and $1,500 that Cooper received in 2004, and (2) DEA documents associated with the cashier checks, including Summary Expense and Income Data forms. Cooper claimed that these documents showed fraud because there were different "[c]ase numbers" on the forms and the cashier checks were purchased at, and then deposited into, different banks.

In response, the government asserted that: (1) the currency forfeiture already was adjudicated and Cooper's new evidence did not contradict those adjudications; and (2) Cooper lacked standing to challenge the vehicles' forfeiture. With respect to the vehicles, the government stated that, if required to offer proof, a DEA agent would testify that, in 1998, the 1993 Infiniti was seized from Charles Russell (although the registered owners were Heather and Arnett Shakes) and quick-released to its lienholder, Barnett, and the 1988 BMW was seized from Glenroy Craig,[2] the registered owner, and administratively forfeited.

The district court denied Cooper's motion and his subsequent motion for

---

[2]Glenroy Craig was the individual who, acting at Defendant Cooper's direction, paid money to the DEA's confidential sources.

reconsideration. Cooper filed this pro se appeal.

## II.  DISCUSSION

### A.    Rule 41(g) Motion for Return of Vehicles

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return."  Fed. R. Crim P. 41(g).  "In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government," and that he has "clean hands" with respect to the property.  United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005); see also United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006), abrogated on other grounds by Bowles v. Russell, 551 U.S. 205, 127 S. Ct. 2360 (2007); United States v. Eubanks, 169 F.3d 672, 674 (11th Cir. 1999).

A Rule 41(g) motion is unavailable if the property was seized pursuant to civil or administrative forfeiture, Eubanks, 169 F.3d at 674, or if the movant "invokes Rule 41(g) after the close of all criminal proceedings."  Howell, 425 F.3d at 974.  In these circumstances, "the court treats the motion for return of property as a civil action in equity."  Howell, 425 F.3d at 974; Eubanks, 169 F.3d at 674. The decision to exercise equitable jurisdiction in these cases is "highly discretionary and must be exercised with caution and restraint."  Eubanks, 169

6

F.3d at 674.

However, in order to contest a forfeiture, the claimant must first show he has an interest in the property sufficient to give him Article III standing. United States v. $38,000.00 Dollars in U.S. Currency, 816 F.2d 1538, 1543 (11th Cir. 1987). To have standing, the claimant need not own the property, but rather may have some lesser property interest, such as a possessory interest. Id. at 1543-44.[3]

Here, we conclude that Cooper failed to show he had an interest in the two vehicles sufficient to confer Article III standing to challenge their forfeiture. First, Cooper has not shown he had an ownership interest in the vehicles. Cooper did not hold title to either vehicle under Florida law because neither was registered in his name. See Cochran v. Jones, 707 So. 2d 791, 793-95 (4th D.C.A. 1998) (concluding individual has ownership interest in a vehicle if he has a certificate of title pursuant to Fla. Stat. § 319.21)); United States v. Four Million, Two Hundred Fifty-Five Thousand, 762 F.2d 895, 907 (11th Cir. 1985) (relying on state law to determine whether claimant had ownership interest).

Further, Cooper did not show a possessory interest in the vehicles. Cooper

[3]We review questions of law relating to the Rule 41(g) motion de novo, but review "the equitable equation of the district court's decision to deny a Rule 41(g) motion only for abuse of discretion." Machado, 465 F.3d at 1307. Article III standing is a threshold jurisdictional issue and is subject to de novo review. United States v. Weiss, 467 F.3d 1300, 1307-08 (11th Cir. 2006).

7

admits he did not have actual possession of the vehicles at the time of their seizure. Moreover, he did not allege, much less show, facts demonstrating constructive possession of the vehicles. To have constructive possession, Cooper had to have dominion or control over the property. See Aqua Log, Inc. v. Georgia, 594 F.3d 1330, 1336-37 (11th Cir. 2010). Cooper did not allege that he had control of the vehicles or that he directed those who had actual possession of them. Instead, Cooper alleged only that he paid for the vehicles, which is insufficient to establish his standing to challenge their forfeiture.[4]

## B.    Rule 60(b) Motion With Respect to U.S. Currency

Cooper argues that the district court should have construed his Rule 41(g) motion as a Rule 60(b) motion for relief from the judgments entered in his previous challenges to the forfeiture of the U.S. currency and granted the motion based on his new evidence of fraud during the forfeiture proceedings.

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

---

[4]Although Cooper argues that the government failed to satisfy its burden, Cooper had the burden to show he had Article III standing. See DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1301 (11th Cir. 2008).

8

. . . ;" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b)(2) or (3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

A motion under Rule 60(b)(6) must be made within a reasonable time. Id. However, Rule 60(b)(6) is only an appropriate basis for granting relief if the motion does not fall within any of the other categories listed in Rule 60(b)(1) through (5). United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd. Semmes, Mobile Cnty., Ala. , 920 F.2d 788, 791 (11th Cir. 1991); see also Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Local No. 480, AFL-CIO, 460 F.2d 105, 108 (5th Cir. 1972) ("Where either Clauses (b) (1), (2), (3), (4), or (5) provide coverage for the movant's claim, relief may not be obtained pursuant to Clause (b) (6).").[5]

Here, Cooper's Rule 60(b) motion appears to attack two judgments—the 2002 judgment entered with respect to his initial Rule 40(e) motion and the 2003 judgment entered with respect to his first Rule 60(b) motion that was construed as a civil complaint. Cooper does not specify which subsection of Rule 60(b) his

---

[5]We review a district court's denial of a Rule 60(b) motion for abuse of discretion. Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000).

9

motion falls under.  Construing Cooper's motion liberally, it appears to seek relief under either Rule 60(b)(2) or Rule 60(b)(3).  However, to the extent Cooper relies on either of these subsections, his motion is untimely because it was filed in 2011, long after the one-year period for filing such motions expired.  Although a Rule 60(b)(6) motion can be filed "within a reasonable time," Cooper's claim of new evidence of fraud cannot be brought under (b)(6)'s catch-all provision because it falls under either (b)(2) or (b)(3).[6]  See Fed. R. Civ. P. 60(c)(1).

For all these reasons, the district court did not abuse its discretion in denying Cooper's pro se motion under either Rule 41(g) or Rule 60(b).  We also find no abuse of discretion in the district court's refusal to hold an evidentiary hearing.[7]

**AFFIRMED.**

---

[6]In any event, even if Cooper's motion could be brought under Rule 60(b)(6), he has not shown he filed it within a reasonable time.  Cooper's "new evidence" of fraud consisted of cashier checks and DEA property inventory forms that he admitted he received in 2004 and 2005, but he did not file his motion until 2011, and he has given no reason for his delay.

[7]Because Cooper's Rule 60(b) motion fails anyway, we need not decide whether it is barred by the doctrine of res judicata, as the government suggests.

10