617 So.2d 773 (1993)
STATE of Florida, DEPARTMENT OF NATURAL RESOURCES, Appellant,
v.
In re FORFEITURE OF ONE VESSEL, DESCRIBED AS A 1950, 62 FT. WHITE DE VRIES LEN KETCH SAILBOAT, Florida Registration Number 11290, and One Johnson 15 H.P. Outboard Motor, Serial Number E6168173, and All Associated Equipment, Appellee.
No. 92-1111.
District Court of Appeal of Florida, Third District.
April 27, 1993.
*774 Robert A. Butterworth, Atty. Gen., and Linda S. Katz, Asst. Atty. Gen., for appellant.
D. Robert Silber, Fort Lauderdale, Paul Stark, Plantation, for appellee.
Before BASKIN, JORGENSON and COPE, JJ.

CORRECTED OPINION
COPE, Judge.
The Florida Department of Natural Resources ("DNR") appeals a final order dismissing its petition for forfeiture of a 62 foot sailboat. We reverse.
In June, 1991 DNR seized a sixty-two foot sailboat for forfeiture. DNR sent notice of the seizure to claimant Christian Ryan, also known as Colin Gregory. In July, 1991 claimant's counsel submitted a claim for return of the property.
In August, 1991 the Florida Supreme Court announced Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla. 1991) (hereinafter "DLE v. Real Property"). Insofar as pertinent here, DLE v. Real Property prescribed that henceforth a notice of seizure of personal property must include notice that an interested party has "the right to request a postseizure preliminary hearing." Id. at 965. If a hearing is requested, its purpose is "to make a de novo determination as to whether probable cause exists to maintain the forfeiture action; and to determine whether continued seizure of the property is the least restrictive means warranted by the circumstances to protect against disposal of the property pending final disposition." Id. at 965-66.
Because DNR's notice of seizure had been sent prior to the decision in DLE v. Real Property, the notice did not advise claimant of a right to a postseizure hearing. After DLE v. Real Property was announced, claimant's counsel did not request a postseizure hearing.
DNR filed a petition for forfeiture and the court issued an order to show cause. Claimant moved to dismiss, arguing that, among other things, DNR had failed to give notice of his right to a postseizure *775 hearing. At the show-cause hearing the court dismissed the petition on other grounds, with leave to amend. The court did not reach the claimed deficiency in postseizure notice.
DNR filed an amended petition. Claimant again moved to dismiss, contending that DNR had failed to advise him of the right to a postseizure hearing. In response to the motion to dismiss, DNR sent claimant notice of his right to a postseizure hearing. Claimant requested a hearing and DNR scheduled it.
At the hearing the trial court ruled that DNR should have given claimant prompt notice of his right to a postseizure hearing, and that the March, 1992 additional notice was too late. The court dismissed the petition and DNR has appealed.
In our view the motion to dismiss should have been denied.
We agree with the parties that DLE v. Real Property did not intend to retroactively invalidate already-given notices of seizure of personal property. Claimant does not contend otherwise.
Claimant argues, however, that once DLE v. Real Property was announced, DNR was obliged to supplement its previous notice of seizure by sending an additional notice advising claimant of his right to request a postseizure hearing.
While it may have been desirable for DNR to have sent out additional notices, we do not read DLE v. Real Property as requiring this to be done. DLE v. Real Property specified the required content of the notice of seizure, but in the present case the matter had already progressed past the notice stage. We decline to hold that a supplemental notice was required, although it was permissible.
Assuming arguendo, however, that DLE v. Real Property mandated the sending of a supplemental notice of the right to a postseizure hearing, here the omission was entirely harmless. Claimant was already represented by counsel when DLE v. Real Property was announced. By virtue of that case, on which claimant bases his entire argument, claimant knew that he had the right to request a prompt, postseizure adversarial hearing. Claimant's right to a hearing arose directly under the Florida Constitution as construed in DLE v. Real Property. Claimant's right to a hearing was in no way dependent on DNR's sending him notice.
Boiled down, claimant complains that DNR failed to advise him of a right he already knew he had. See Metropolitan Dade County v. Jones Boatyard, 611 So.2d 512 (Fla. 1993); Massey v. State, 609 So.2d 598 (Fla. 1992). The motion to dismiss on this ground was without merit.
The order under review is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.