696 So.2d 522 (1997)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
SMALLEY TRANSPORT COMPANY, Appellee.
No. 96-3336.
District Court of Appeal of Florida, Third District.
July 9, 1997.
*523 Robert Urich; Richard H. Phillips, Miami, for appellant.
Hardeman & Suarez and Ena T. Diaz, Miami, for appellee.
Before LEVY, FLETCHER and SHEVIN, JJ.
FLETCHER, Judge.
State Farm Mutual Automobile Insurance Company [State Farm] appeals a final summary judgment denying its insurance subrogation claim against Smalley Transport Company [Smalley]. We reverse.
This matter had its genesis when State Farm's insured, Albert Vensel, was involved in an automobile accident which, Vensel reported to the police, was caused by a "phantom" (unknown) vehicle: a tractor-trailer with either "Smalley" or "Smiley" written on the trailer in black letters with a yellow background. The police informed Vensel that there was a local trucking company called "Smalley Transportation," but no "Smiley." This information was provided to State Farm when Vensel made his claim, and again when Vensel and State Farm arbitrated Vensel's claim. At the arbitration hearing (the parties to which were only State Farm and Vensel), State Farm stipulated with Vensel that the accident was caused by an uninsured vehicle that was never identified by the police. State Farm then conceded liability under the uninsured motorist provisions of Vensel's policy and paid the claim.
Approximately six months after the arbitration hearing, State Farm filed a subrogation claim against Smalley. During the proceedings, Smalley sought summary judgment contending that because of State Farm's stipulation with Vensel, State Farm had waived its right to subrogation and was equitably estopped from making the subrogation claim against Smalley. The trial court agreed with Smalley and entered final summary judgment against State Farm.
We observe that the undisputed facts fail to reveal any basis upon which waiver by State Farm was or could be established. Missing, for example, is any showing that State Farm intended by its action to relinquish its right to subrogation. Accordingly, no waiver occurred.[1]See 22 Fla.Jur.2d Estoppel and Waiver § 89, at 547-48 (1980).
We also find that the application of estoppel to preclude State Farm's right to subrogation against Smalley is inappropriate. Such an estoppel would require a showing not only that State Farm's position in the Vensel arbitration (that the accident was caused by an uninsured phantom vehicle) was inconsistent with its position in the later subrogation action against Smalley, but also that Smalley would be prejudiced thereby and that it would be manifestly unjust to allow the change of position to prevail. Wooten v. Rhodus, 470 So.2d 844 (Fla. 5th DCA 1985). Essentially the manifest injustice intended to be avoided is allowing a party who has gained something from the assertion of its first position to, by the assertion of the second, inconsistent position, gain something more, to which it would not have been entitled under the first position. As stated in everyday terms, the party taking such inconsistent positions will not be allowed to "have his cake and eat it too." Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla. 1979).
*524 The initial deficiency we note as to the estoppel claim is that State Farm gained nothing from its first position (the arbitration stipulation with Vensel), but instead was required thereby to pay Vensel's claim, thus Vensel got the cake, not State Farm. Had Vensel, who did gain by the stipulation, brought a subsequent action against Smalley after collecting from State Farm, such would be a vastly different case.[2]
Further, as to manifest injustice, we note that State Farm and Vensel's stipulation had the salutary effect of getting funds to an insured who needed them. We also note that if it was Smalley's vehicle that was responsible for the accidentwhich, of course, we don't know at this timejustice would not be served by shielding Smalley from State Farm's subrogation action. We see no manifest injustice in allowing State Farm's subrogation action to proceed.
As to any prejudice that would lead to estoppel, Smalley's rights and duties simply were not affected by the arbitration and the stipulation. Had Vensel not recovered from State Farm, Vensel could have filed suit directly against Smalley, rather than State Farm's filing suit for subrogation. We find no merit in Smalley's contention that had Vensel or State Farm alerted Smalley to the claim at an earlier date, Smalley would have had an earlier opportunity to investigate, thus, according to Smalley, it was prejudiced by the delay caused by the arbitration and the stipulation. State Farm's action was brought within the time established by the statute of limitations, one of the purposes of which is to allow a reasonable opportunity to investigate. Neither State Farm nor Vensel had any duty to file suit prior to the legislatively established deadline. As a consequence, Smalley was not prejudiced.
Reversed and remanded for further proceedings.
NOTES
[1] Under this circumstance we do not need to discuss whether Smalley would have the right to enforce a waiver arising from State Farm's conduct in a proceeding to which Smalley is a stranger.
[2] For a situation similar to such a scenario, see Lambert v. Nationwide Mut. Fire Ins. Co., 456 So.2d 517 (Fla. 1st DCA 1984).