KAHN, J.
This dispute over title to land comes to us on appeal for the second time. See Dubois v. Osborne, 675 So.2d 124 (Fla. 1st DCA 1996) (unpublished table decision). Appellee’s decedent, Rose Osborne, filed the underlying complaint against appellants Ada and Allen Dubois on April 21, 1994. The complaint alleged four counts. The first two counts sought cancellation of certain deeds held by appellants and a declaratory judgment vesting title in ap-pellee to the two parcels of land at issue. The third and fourth counts, respectively, sought recovery for forgery of the deeds and civil theft.
Appellants denied the material allegations, asserted various affirmative defenses, and filed a counterclaim for ejectment and recovery of real estate taxes paid on the property. Ms. Osborne subsequently moved for summary judgment. Judge Taylor determined that the deeds in appellants’ possession were forgeries, canceled the deeds in appellants’ names, and declared Ms. Osborne the sole owner of the property in question. The trial court made no findings in the summary judgment as to who forged the deeds, and specifically “retain[ed] jurisdiction to try the remaining issues in this cause, to wit: the damages, if any, as a result of the allegations of Count III and Count IV herein.” Appellants appealed the adverse summary judgment to this court, contending that material issues remained as to the affirmative defenses.
As appellee conceded in oral argument in this appeal, he argued that summary judgment was proper because the trial court entered summary judgment only as to Count I (fraudulent deeds) and Count II (declaratory judgment). Specifically, in the answer brief filed in the first appeal Ms. Osborne argued:
Counsel for Appellant has misconstrued in part the order of the court in this matter. The summary judgment order in this matter does not go to Counts III and IV of the pending complaint. The affirmative defenses go to issues not concluded by the summary judgment order.
This argument proved successful as this court affirmed the trial court’s ruling.
After remand from this court, Judge Buttner took over the case. The new judge ruled that the only issues remaining were appellee’s attorney fees and appellants’ right to recover property taxes paid on the property at issue. At trial, the court refused to consider arguments concerning Counts III and IV because it considered these counts foreclosed in ap-pellee’s favor by the summary judgment rendered by the previous judge. The trial court entered judgment for appellee, awarding appellee damages and attorney’s fees. Florida’s civil theft statute, invoked by Count IV, was the only basis for attorney’s fees.
Appellee now urges that the trial court correctly found that Judge Taylor’s original summary judgment applied to all four counts. Appellee’s present counsel dismisses former counsel’s argument that the summary judgment only applied to the first two counts. On first appeal, this court apparently agreed with Ms. Osborne’s position that summary judgment only covered Counts I and II, and we affirmed, notwithstanding appellant’s affirmative defenses. Appellee cannot now argue a position entirely inconsistent with his previous position. See McCurdy v. Collis, 508 So.2d 380, 384 (Fla. 1st DCA 1987) (holding that the doctrine of estoppel against inconsistent positions “provides that a party who assumed a certain posi *481 tion in a legal proceeding may not thereafter assume a contrary position, especially if it is prejudicial to the party who acquiesced in the former position.”). The doctrine of estoppel against inconsistent positions serves to prevent “a party who has gained something from the assertion of its first position to, by the assertion of the second, inconsistent position, gain something more, to which it would not have been entitled under the first position.” State Farm, Mut. Auto. Ins. Co. v. Smalley Transport Co., 696 So.2d 522, 523 (Fla. 3d DCA 1997). By maintaining before this court that the trial court rendered summary judgment only on Counts I and II in order to prevail on the first appeal, appel-lee is estopped from now arguing that summary judgment applied to all four claims. See McCurdy, 508 So.2d at 384; State Farm, Mut. Auto. Ins. Co., 696 So.2d at 523.
The trial court erred by refusing to allow evidence on Counts III and IV. We have discovered no evidence of record concerning the allegation of civil theft. Accordingly, we REVERSE the order adjudging damages and attorney’s fees to appellee and REMAND the case to the trial court to consider the merits of Counts III and IV.
ERVIN and MINER, JJ„ CONCUR.