804 So.2d 579 (2002)
Kevin E. BEARY, Sheriff of Orange County, Appellant,
v.
William BRUCE, III, Appellee.
No. 5D01-1718.
District Court of Appeal of Florida, Fifth District.
January 18, 2002.
*580 Tamara L. Gappen, Assistant General Counsel, Orlando, for Appellant.
Gary L. Simmons, Benson, North Carolina, for Appellee.
COBB, J.
Kevin Beary [Beary], Orange County Sheriff, appeals the order of the trial court concluding that the Sheriff's Department did not have probable cause to seize numerous vehicles, cash and tools subsequent to the Sheriff Department's Auto Theft Unit's [the Unit] search of William Bruce's [Bruce] auto repair business, A Plus Auto Care Auto Body [A Plus]. Beary argues on appeal that a reasonable judge would conclude that the facts surrounding the incident establish sufficient levels of probable cause to believe that the seized items were being used in violation of chapter 319, Florida Statutes.
The impetus for the Unit's raid on A Plus was a report filed by Zeeshan Muhammad Shaikh [Shaikh]. Apparently, Shaikh was having some difficulty obtaining funds from an insurance company for certain repairs to his Ford Mustang that was recently purchased from A Plus, due to the fact that the vehicle's identification number plate [VIN] did not match with his vehicle. In the report, Shaikh claimed that he had purchased the "1993" black Ford Mustang from A Plus. However, following an accident, it was determined that the VIN affixed to his "1993" Mustang belonged to a 1985 Ford Mustang.
After receiving Shaikh's report, the Unit descended upon A Plus for its alleged violations of chapter 319. During its investigation, the Unit discovered that Bruce was in possession of two VINs and seven modified Federal Safety Standard Stickers, a violation of sections 319.30(5)(b) and 319.33(7)(a), Florida Statutes, and that several VINs had been removed and/or altered on certain vehicles located at A Plus. The Unit also observed two Dodge Caravans that had been reported stolen. Because the Unit surmised that A Plus was running a "chop shop" in violation of section 812.16(a), Florida Statutes, various motor vehicles and items of personal property, together with $20,000 in cash, were seized.
The first issue which we must determine on appeal is that of jurisdiction. Bruce contends that the trial court's order for which Beary seeks review is a non-final one, hence was not subject to a motion for rehearing which would extend the thirty day filing period for a notice of appeal. The instant notice was filed within thirty days from denial of the rehearing motion, but not within thirty days from rendition of the original order. We agree with Beary that the trial court's order finding no probable cause (except as to the two Mustangs, which the parties concede are not at issue on this appeal) was a final order which required Beary to return the disputed property to Bruce. Thus, this court has jurisdiction.
Beary argues that "no reasonable judge would have denied a finding of probable cause for the seizure of vehicles, chop shop tools, currency and other items in this action." He asserts that any reasonable person would believe, based upon the sheriffs facts, that there was probable cause to believe the seized items were used in the commission of felonies.
We agree with Beary's contention in regard to the existence of probable cause for the initial seizure of the property. To the extent that the appealed order purports to find otherwise, we disagree with it. But that was not the pivotal issue before the trial court.
The section governing adversarial preliminary hearings, section 932.703(2)(c), Florida Statutes, reads:

*581 When an adversarial preliminary hearing is held, the court shall review the verified affidavit and any other supporting documents and take any testimony to determine whether there is probable cause to believe that the property was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act. If probable cause is established, the court shall authorize the seizure or continued seizure of the subject contraband. (Emphasis added).
Notably, the Legislature has provided that the trial court's role at an adversarial preliminary hearing is to determine whether there "is" probable cause to believe that a violation of the Act occurred or is occurring, not whether there "was" probable cause to believe that a violation of the Act occurred at the time of seizure. Additionally, section 932.703(2)(c) unambiguously provides that at an adversarial preliminary hearing, the trial court shall review the verified affidavit and any other supporting documents and take any testimony to determine the issue of probable cause at the adversarial preliminary hearing. Strictly construing this language supports the conclusion that probable cause is determined in light of the totality of the circumstances at the time of the preliminary hearing, not just the circumstances at the time of the seizure.
Moreover, the purpose of an adversarial preliminary hearing is "to make a de novo determination as to whether probable cause exists to maintain the forfeiture action; and to determine whether continued seizure of the property is the least restrictive means warranted by the circumstances to protect against disposal of the property pending final disposition." Department of Natural Res. v. Forfeiture of One Vessel Described as a 1950, 62 Ft. White De Vries Len Ketch Sailboat, 617 So.2d 773, 774 (Fla. 3d DCA 1993) (citing Department of Law Enforcement v. Real Prop., 588 So.2d 957 (Fla.1991)).
The order entered in the instant case erroneously states that the purpose of the preliminary hearing was to determine whether probable cause existed to forfeit certain properties seized by the sheriff. The purpose of the hearing was to determine if probable cause existed at the time of the hearing in order to enable the sheriff to continue holding the seized property pending its final disposition at a later forfeiture hearing.
Although we may have decided the issue differently than did the trial judge, we find that there was sworn testimony presented at the preliminary hearing which, if believed, was sufficient to sustain return of the seized property (other than the two Mustangs) to Bruce.
AFFIRMED.
HARRIS and PALMER, JJ., concur.