851 So.2d 266 (2003)
TOWN OF OAKLAND, Appellant,
v.
Michael D. MERCER, Appellee.
No. 5D02-2308.
District Court of Appeal of Florida, Fifth District.
August 1, 2003.
*267 J. Edwin Mills, Orlando, for Appellant.
Robert Alfert, Jr., P.A., of Broad and Cassel, Orlando, for Appellee.
SHARP, W., J.
The Town of Oakland appeals from a final summary judgment entered against it in a forfeiture case. We affirm. The record reveals no unresolved issues of material fact, and the appellee, Michael Mercer (Mercer), is entitled to judgment as a matter of law.
The record discloses that on November 1, 2000, Oakland, acting through its police officer, Kelley, seized a 1999 Ford truck to investigate the legitimacy of its registration. He later determined that there was a 9,000 mile discrepancy in the truck's odometer mileage reading.[1] On that day Kelley talked with Shelby Auto Sales (Shelby), an Ohio auto dealer, who was indicated as the title holder on a title document issued by the State of Ohio found in the truck. He also spoke with Mercer, the individual to whom Shelby had transferred the title, as indicated by Shelby's signature on the back of the title.
Oakland filed a forfeiture complaint on December 19, 2000. On the same day, Shelby made a demand for a post seizure adversarial hearing. The hearing was held on December 21, 2000, at which time Oakland had the burden of establishing probable cause for forfeiture of the property seizeda due process requirement. See § 932.703(2)(a), Fla. Stat. (2000); In re Forfeiture of One Hundred Seventy-One Thousand Nine Hundred Dollars ($171,900) in United States Currency, 711 So.2d 1269 (Fla. 3d DCA 1998).
*268 At that hearing, the court determined that Shelby did not have standing to contest the forfeiture based on arguments presented by Oakland. When questioned by the court, Oakland's attorney argued that Mercer was the only person who could contest the forfeiture because, as evidenced by the title certificate, Shelby had transferred ownership of the truck to Mercer. In addition, the attorney pointed out that Mercer had obtained insurance coverage from State Farm for the truck.
Shelby's agent, Kaufman, testified that he had accepted money from Mercer for the truck, and he had executed the Ohio title to the truck to Mercer. He tried to transfer Florida title to Mercer, but the tag office in Florida refused to accept the title, since its records showed an "unrebuildable title" status.[2] Kaufman agreed to refund Mercer's money and take back the truck if he could not straighten out the title problems. He contacted the auction where the truck had been purchased, to clear up the title problem, and later obtained a clean title. At the conclusion of the hearing, the judge found Shelby did not have standing and thus did not reach the probable cause issue.
On January 11, 2001, Mercer filed a motion to dismiss the forfeiture complaint, or for summary judgment. At this hearing, the attorneys for both parties agreed the title issue had been cleared up and a clean title had been issued. However, the attorney for Oakland argued Mercer did not have standing to contest the forfeiture. The trial court entered final summary judgment for Mercer.
With regard to Mercer's standing to contest the forfeiture, we agree with the ruling below for two reasons. Section 932.701(2)(h) defines "claimant," persons who have standing to contest forfeiture of property under the act, as "any party who has a proprietary interest in property subject to forfeiture and has standing to challenge such forfeiture, including owners, registered owners, bona fide lien holders, and titleholders." Mercer was indicated as the title holder in the first proceeding, and at this hearing on his motion to dismiss, the attorneys agreed the title issue had been resolved. At the first hearing, the title status may have been unclear since it was in the process of being transferred from Shelby to Mercer, but the undisputed fact that Mercer had paid for the vehicle, and had it insured clearly gave him a "proprietary interest" in the truck as an owner. No contrary evidence was presented at this hearing.
The second reason to affirm the trial judge in this case is judicial estoppel. See Smith v. Avatar Properties, Inc., 714 So.2d 1103, 1107 (Fla. 5th DCA 1998); Dubois v. Osborne, 745 So.2d 479, 480-1 (Fla. 1st DCA 1999). Citing to Smith v. Avatar Properties, Inc., the court in Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061, 1066 (Fla.2001) said:
A claim made or position taken in a former action or judicial proceeding will, in general, estop the party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party.
In order to work an estoppel, the position assumed in the former trial must have been successfully maintained.
In this case Oakland successfully maintained that Shelby lacked standing to contest the forfeiture at the post seizure adversarial hearing held December 21, 2000. Shelby was in the difficult position of having sold the truck to Mercer, accepted his money, and not having been able to complete *269 the title transfer due to a "mistake" in the title records. Oakland claimed only Mercer had standing, and thus it successfully avoided the merits of a probable cause hearing. Having prevailed at the December 21, 2000 hearing, on Shelby's lack of standing because only Mercer had standing, Oakland cannot now be heard to question Mercer's standing as owner and title holder in this proceeding.
We also agree with the trial court's implicit ruling, that the truck in this case was "seized" on November 1, 2000, not November 22, 2000, as now argued by Oakland. Officer Kelley testified the vehicle was seized on the earlier date, and that Oakland would not have released the vehicle to either Shelby or Mercer thereafter. It thus follows that Oakland failed to give Mercer notice of the seizure of the truck within the five days provided by section 932.703(2)(a).[3] It also follows that pursuant to section 932.704(4), Oakland's complaint to forfeit the truck, filed on December 19, 2000, was untimely.
Section 932.704(4) requires a seizing agency to "promptly proceed" by filing a complaint in order to effect a forfeiture. Section 932.701(2)(c) defines "promptly proceed" as "to file the complaint within 45 days after seizure." The 45 day period may be extended to 60 days for good cause,[4] but good cause was neither alleged below nor argued on appeal. The 45-day period after seizure of the truck ended December 16, 2000. At the December 21, 2000 hearing, Oakland conceded the complaint had been filed late, on December 19, 2000.
We reject Oakland's argument on appeal, that it did not seize the truck on November 1, 2000, but rather was merely holding it for further investigation. Oakland claims it did not decide to seize the truck until November 22, 2000. As the trial judge noted, there is nothing in the evidence that gives this date any significance.
It is the date of the seizure of the item sought to be later forfeited which starts the running of the time period in section 932.703(3), not the subjective determination by the governmental agency to seek forfeiture. In re: Forfeiture of One 1988 Lincoln Town Car, 826 So.2d 342 (Fla. 2d DCA), rev. granted, 826 So.2d 992 (Fla.2002); In re Forfeiture of One (1) 1994 Honda Prelude, 730 So.2d 334 (Fla. 5th DCA 1999). If Oakland's interpretation were accepted, it would permit seizing agencies to retain property as long as they desired under the concept that they did not intend to seek forfeiture at the time of taking. That would eviscerate the provisions in the forfeiture statute which require a governmental agency to act promptly. Due process mandates that the provisions of the forfeiture act be strictly interpreted in favor of the persons being deprived of their property. See In re Forfeiture of 1969 Piper Navajo Model PA-31-310, S/N-31-395 U.S. Registration N-1717G, 570 So.2d 1357 (Fla. 4th DCA 1990); Cabrera v. Dept. of Natural Resources, 478 So.2d 454, 456 (Fla. 3d DCA 1985); Pheil v. Griffin, 469 So.2d 942 (Fla. 5th DCA 1985).
AFFIRM.
*270 PETERSON, J., concurs.
ORFINGER, J., concurs specially with opinion.
ORFINGER, J., concurring specially.
I concur with this court's opinion affirming the trial court's order because I am bound to follow our earlier opinion in In re Forfeiture of One (1) 1994 Honda Prelude, 730 So.2d 334 (Fla. 5th DCA 1999). However, I believe Honda Prelude merits reexamination.
Section 932.704(4), Florida Statutes (2001), requires a seizing agency to "promptly proceed" with a civil forfeiture action by filing a forfeiture complaint within 45 days following a property seizure. See also § 932.701(2)(c), Fla. Stat. (2001). Because forfeiture statutes are to be strictly construed, Cochran v. Jones, 707 So.2d 791 (Fla. 4th DCA 1998), and the Town of Oakland failed to "promptly proceed" by filing its forfeiture complaint within 45 days following seizure of the vehicle as required by statute, the trial court held that it lacked subject matter jurisdiction to proceed, consistent with our holding in Honda Prelude. But whether the 45-day time period found in section 932.701(2)(c) (extendable to 60 days under certain circumstances) is a jurisdictional bar is a matter of some debate. For example, in In re Forfeiture of One 1988 Lincoln Town Car, 826 So.2d 342 (Fla. 2d DCA), review granted, 826 So.2d 992 (Fla. 2002), the Second District Court of Appeal held that the 45-day statutory time period found in the forfeiture statute is not jurisdictional contrary to our holding in Honda Prelude.
Lincoln Town Car represents an interpretation of the effect of such time periods consistent with that utilized by the federal courts in construing the federal forfeiture statute. In United States v. James Daniel Good Real Property, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), the Supreme Court addressed the issue of whether a civil forfeiture action, filed within the statute of limitations, but without complying with other statutory timing directives, deprived the court of jurisdiction, thus requiring dismissal of the action. In finding that an untimely filing did not compel dismissal so long as the action was filed within the statute of limitations, the Court noted that "`many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them... do not limit their power or render its exercise in disregard of the requisitions ineffectual'." Id. at 63, 114 S.Ct. 492 (quoting French v. Edwards, 80 U.S. (13 Wall.) 506, 511, 20 L.Ed. 702 (1872)). Consequently, "if a statute does not specify a consequence for noncompliance with statutory timing provisions, the federal courts will not in the ordinary course impose their own coercive sanction." Id. (citations omitted). The Supreme Court reasoned that, where Congress had included various "promptness" requirements in the statutory forfeiture provisions but included no statutory penalty for failure to meet those requirements, the Court would not impose its own sanction of dismissal provided that the forfeiture action was filed within the applicable statute of limitations. Id. at 64-65, 114 S.Ct. 492.
Other federal courts have reached the similar results when considering time periods established in other statutes. See, e.g., Shenango Inc. v. Apfel, 307 F.3d 174, 193 (3d Cir.2002) (statutory deadline does not, by itself, establish that Congress intended to strip an agency's authority to act after the deadline has passed); Friends of Aquifer, Inc. v. Mineta, 150 F.Supp.2d 1297 (N.D.Fla.2001) (holding that group was not entitled to writ of mandamus, given that it was not clear that Congress intended deadlines for meeting the standards to be *271 mandatory, even though the statute provided that the Secretary "shall" prescribe certain regulations not later than given deadlines); Bhd. of Ry. Carmen Div. v. Pena, 64 F.3d 702, 704 (D.C.Cir.1995); Canadian Fur Trappers Corp. v. United States, 691 F.Supp. 364, 12 Ct. Int'l Trade 612, 615 (1988) (holding that a statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period and specifies a consequence for failure to comply with the provisions), aff'd, 884 F.2d 563 (Fed.Cir.1989).
While section 932.704(4) requires the seizing agency to "promptly proceed" against the seized property by filing a forfeiture action in the circuit court, the Legislature has not specified any sanction for the failure to proceed "promptly." Consequently, I believe the sanction of dismissal we opted for in Honda Prelude is unwarranted. Further, our conclusion in Honda Prelude also renders the four-year statute of limitations for forfeiture proceedings found in section 95.11(3)(n), Florida Statutes (2002), meaningless. See Mosley v. State ex rel. Broward County, 363 So.2d 172 (Fla. 4th DCA 1978) (holding section 95.11(3)(n) was applicable to proceedings under section 943.44 (which was later renumbered 932.701-.704, the statutes at issue)).
Based on the reasoning of James Daniel Good Real Property and Lincoln Town Car, if not for our opinion in Honda Prelude, I would conclude that because the Legislature has not specified a consequence for noncompliance with section 932.704(4), it did not intend to require dismissal of a forfeiture action for noncompliance with the 45-day deadline. I would recede from Honda Prelude and hold that the trial court had jurisdiction to consider the Town of Oakland's forfeiture complaint. However, because I am bound by this court's opinion in Honda Prelude, I concur in the opinion.
NOTES
[1] Odometer fraud is a third degree felony, section 319.35(5), Fla. Stat.2000, which provides a possible basis for forfeiture. See, In re: Forfeiture of One 1988 Lincoln Town Car, 826 So.2d 342 (Fla. 2d DCA), rev. granted, 826 So.2d 992 (Fla.2002); In re Forfeiture of One (1) 1994 Honda Prelude, 730 So.2d 334 (Fla. 5th DCA 1999).
[2] That is, the truck had previously been in a crash and was deemed unrebuildable.
[3] Section 932.703(2)(a), Fla. Stat.(2000) provides: Notice provided by certified mail must be mailed within 5 working days after the seizure and must state that a person entitled to notice may request an adversarial preliminary hearing within 15 days after receiving such notice ... Mercer as an "owner" was a party entitled to notice. § 932.701(2)(c), Fla. Stat. (2000).
[4] § 932.703(3), Fla. Stat. (2000).