KELLY, Judge.
In this forfeiture proceeding, the Department of Highway Safety and Motor Vehicles appeals from the trial court’s order setting aside its finding of probable cause and ordering the return of John Churchills seized Corvette. We reverse.
The Florida Contraband Forfeiture Act (the Act), sections 932.701-932.707, Florida Statutes (2004), makes it unlawful to use personal property as an instrumentality in the commission of any felony. Personal property may be seized for a violation of the Act. § 932.703(l)(a). Following a seizure, the person whose property has been seized has the right to request an adversarial preliminary hearing. § 932.703(2). The interested person must make the request by certified mail, return receipt requested within fifteen days of receiving the notice of seizure. § 932.703(2)(a). The hearing must be set within ten days after the request is received, “or as soon as practicable thereafter.” Id.
In an adversarial preliminary hearing, the Department is required to establish probable cause that the seized property was used during the commission of a felony. See § 932.701(2)(f); Beary v. Bruce, 804 So.2d 579 (Fla. 5th DCA 2002). If the court finds that probable cause has been established, a forfeiture proceeding is held *625 at which the court or jury ultimately determines whether the subject property shall be forfeited. See § 932.701(2)(g); City of Coral Springs v. Forfeiture of a 1997 Ford Ranger Pickup Truck, 803 So.2d 847 (Fla. 4th DCA 2002). If the interested person does not request a hearing, the court will review the complaint for probable cause without a hearing. If it finds probable cause, “the court shall enter an order showing the probable cause finding.” § 932.704(5)(b).
In this case, Churchill’s car was seized for leaving the scene of an accident with serious injuries. The Department mailed a presuit Notice of Seizure and Right to Adversarial Preliminary Hearing form to Churchill on October 28, 2004. Churchills attorney sent a request for an adversarial preliminary hearing to the Department in Tallahassee by regular mail, not certified mail as required by section 932.703(2)(a). The Department received the request on November 10, 2004, and notified Churchill’s attorney that the request for hearing did not comply with the mailing requirements of the statute. Churchill’s attorney then mailed another request for hearing by certified mail, but by that time the fifteen-day window to request the hearing had passed. Because the adversarial preliminary hearing was not properly requested, the Department did not set it for hearing.
Because no hearing had been set, the court reviewed the petition for forfeiture and issued an order finding probable cause. Churchill then moved to set aside the order, arguing that because the Department received actual notice of his request, it should have set a hearing. The trial court agreed and set aside its order finding probable cause and ordered the return of Churchills vehicle.
The Department argues that the provisions of the forfeiture statute must be strictly construed; therefore, Churchill’s failure to request a hearing by certified mail within fifteen days waived his entitlement to an adversarial preliminary hearing. We disagree.
“Due process mandates that the provisions of the forfeiture act be strictly interpreted in favor of the persons being deprived of their property. ” Town of Oakland v. Mercer, 851 So.2d 266, 269 (Fla. 5th DCA 2003) (emphasis added). Here, the trial court properly attempted to construe the statute in favor of Churchill, finding that the Department had received actual notice of the request for a hearing. See Phoenix Ins. Co. v. McCormick, 542 So.2d 1030 (Fla. 2d DCA 1989) (recognizing that statutory language providing for notice by certified mail, registered mail or hand delivery eliminates problems in proving timely service, but when actual notice is conceded, strict compliance is not required). “When considering other statutes that appear to mandate a specific mode of service, several Florida courts have held actual notice by a mode other than that prescribed sufficient.” Patry v. Capps, 633 So.2d 9, 12 (Fla.1994) (emphasizing that in the context of a medical malpractice action, the presuit notice and screening statute should be construed in a manner that favors access to courts).
Therefore, we agree with the trial court’s finding that the Department should have set an adversarial preliminary hearing. However, the trial court went a step too far when it returned the vehicle to Churchill. The proper remedy would have been to set the case for an adversarial preliminary hearing with proper notice. See Crepage v. City of Lauderhill, 774 So.2d 61 (Fla. 4th DCA 2000) (holding that where Crepage only received twenty-four-hour notice of the hearing, the remedy was to set a new hearing with proper notice).
*626 Accordingly, we reverse the trial court’s order returning the vehicle to Churchill and remand for further proceedings.
Reversed and remanded.
NORTHCUTT, J., and GALLEN, THOMAS M., Associate Judge, Concur.