BLACK, Judge.
Christopher E. Floyd appeals a final judgment of forfeiture ordering his 1992 Pontiac Firebird surrendered to the Haines City Police Department. Mr. Floyd raises three issues on appeal. We find merit in Mr. Floyd’s third argument and are compelled to reverse the final judgment of forfeiture. Because we find the third issue dispositive, we need not address Mr. Floyd’s first and second arguments.
In July 2008, the Haines City Police Department (HCPD) filed its initial verified complaint for probable cause and for final order of forfeiture, pursuant to the Florida Contraband Forfeiture Act (the Act), §§ 932.701-.706, Fla. Stat. (2008). The Act makes it unlawful to use a vehicle as an instrumentality in the commission of a felony. In its complaint, the HCPD identified Mr. Floyd’s 1992 Pontiac Firebird as the subject property of the action and then described, in detail, Mr. Floyd’s May 27, 2008, robbery of a SunTrust Bank in Haines City, Florida. The complaint identified the bank by name and location, the bank teller by name, the manner in which Mr. Floyd demanded money, and the amount of money stolen. It also provided a specific description of Mr. Floyd’s vehicle — a “late model dark green in color Jeep Cherokee.”
After entering its order finding probable cause, the trial court set the final hearing of forfeiture for February 16, 2009. On January 22, 2009, the HCPD filed its motion to amend the verified complaint and attached the proposed amended verified complaint. The amended complaint alleged that Mr. Floyd’s 1992 Pontiac Fire-bird was the subject of the action and that on April 16, 2008, the vehicle was used in the robbery of a Citizens Bank in Haines City, Florida. The amended complaint not only identified a new robbery date and location but also identified a different bank teller, described a different manner in which Mr. Floyd demanded money, identified a different amount of money stolen, and identified the Firebird as the vehicle used to flee the scene.
The trial court granted the HCPD’s motion to amend, finding that the claims in the amended complaint related back to those in the original complaint. The court found that the confusion between the robberies and vehicles stemmed from the fact that Mr. Floyd had robbed three banks in Haines City within a short period of time, switching vehicles in that time frame.
On appeal, Mr. Floyd argues that the trial court erred in finding that the amended verified complaint, properly identifying the Firebird as having been used in a robbery of the Citizens Bank in April 2008, related back to the date of the initial complaint for filing deadline purposes.
Section 932.704, entitled “Forfeiture proceedings,” provides in part: “The seizing agency shall promptly proceed against the contraband article by filing a complaint in the circuit court within the jurisdiction where the seizure or the offense occurred.” § 932.704(4). “ ‘Promptly proceed’ means to file the complaint within 45 days after seizure.” § 932.701(2)(c). Furthermore, in *346 DeGregorio v. Balkwill, 853 So.2d 371, 374 (Fla.2003), the Florida Supreme Court held:
Because the statute here provides for the deprivation of a property right, its procedural requirements cannot be regarded as immaterial or a matter of mere convenience. We hold that the requirement in section 932.704(4) to “promptly proceed” with a forfeiture action is mandatory, and that under section 932.701(2)(c), “promptly proceed” means what it says: “to file the complaint within 45 days after seizure.”
Florida Rule of Civil Procedure 1.190(a) provides, in pertinent part, that “[l]eave of court [to amend pleadings] shall be given freely when justice so requires.” Florida courts generally follow a liberal policy with regard to the amendment of pleadings, in accordance with the rule, so that claims may be determined on their merits. Rule 1.190(c) addresses when an amended pleading will relate back to an earlier pleading: “When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.” Under this rule, as long as the claims alleged in an amended pleading arise from the same “conduct, transaction, or occurrence” alleged in an initial, timely filed pleading, the expiration of the statute of limitations in the interim will not bar the claims asserted in the amended pleading. See Flores v. Riscomp Indus., Inc., 35 So.3d 146, 147 (Fla. 3d DCA 2010). Further, “an amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, will relate back even though the statute of limitations has run in the interim.” Kiehl v. Brown, 546 So.2d 18, 19 (Fla. 3d DCA 1989) (citing Keel v. Brown, 162 So.2d 321, 323 (Fla. 2d DCA 1964)).
Although it is generally true that the relation back doctrine should be liberally applied, forfeitures are harsh ex-actions, and the forfeiture statutes are to be strictly construed. Gomez v. Village of Pinecrest, 41 So.3d 180, 185 (Fla.2010). “‘Due process mandates that the provisions of the forfeiture act be strictly interpreted in favor of the person being deprived of their property.’ ” In re Forfeiture of 2003 Chevrolet Corvette, Identification No. 1G1YY12S435100084 Tag VBA386, 932 So.2d 623, 625 (Fla. 2d DCA 2006) (emphasis omitted) (quoting Town of Oakland v. Mercer, 851 So.2d 266, 269 (Fla. 5th DCA 2003)).
As noted by the trial court, this is a case of simple, and understandable, confusion. Mr. Floyd robbed three banks in one city, fleeing in two different vehicles. Unfortunately, by the time the HCPD realized the error in its initial complaint, the forty-five-day filing deadline had passed. Instead of dismissing the complaint, the HCPD sought to amend it. Despite the trial court’s finding, it is clear the allegations in the amended complaint did not arise from the same conduct, transaction, or occurrence as those in the original complaint. Neither did the amended complaint “make[] more specific what ha[d] already been alleged generally.” Kiehl, 546 So.2d at 19. Instead, the amended complaint set forth entirely new facts and details.
Accordingly, we must reverse the final order of forfeiture. In doing so, we recognize that the HCPD is barred from bringing further forfeiture actions against Mr. Floyd arising from the various Haines City bank robberies. On remand, the trial *347 court is instructed to order the return of Mr. Floyd’s 1992 Pontiac Firebird.
Reversed and remanded.
WALLACE and MORRIS, JJ., Concur.