HARRIS, Judge.
In 1985, Glenn 0. Mortoro, joined by his wife, executed a $1,800,000 note to Sun Bank to obtain funds to purchase a majority interest in an automobile dealership owned by John Maloney, Robert Sanctuary and Richard Cason. The note was secured by various deposit accounts.
Mortoro defaulted and the bank applied the security to the indebtedness leaving a balance of $300,000. Sun Bank agreed to release Mortoro and his wife from their remaining obligation in exchange for an assignment from the Morteros of a note due them from Maloney, Sanctuary and Cason in the amount of $317,000 secured *823 by a second mortgage on certain property. As part of the agreement, Mortoro guaranteed payment of the note assigned to the bank and secured his guarantee with the assignment of unit shares in a limited partnership.
Maloney, Sanctuary and Cason defaulted on their note and, after calling the guarantee, the bank applied the proceeds from the unit shares in the limited partnership to their remaining obligation reducing it by $162,000. The real estate securing the Ma-loney, Sanctuary and Cason note went into foreclosure (the first mortgagee bringing the action) and after sale and after the first and second mortgages were paid, a surplus remained in the amount of $105,851.15.
The issue before us is who is entitled to these proceeds — Mortoro because of equitable subrogation or First Florida Bank because of a subsequent judgment against Maloney, Sanctuary and Cason. The trial court found that Mortoro was entitled to be equitably subrogated to Sun Bank’s position in the funds but, since the determination of Mortoro’s rights were determined after First Florida’s judgment was recorded, such right of subrogation was subordinate to First Florida’s claim.
We agree with the court that subro-gation was indeed appropriate but disagree as to the priority. The surplus exists only because the Sun Bank obligation was reduced by crediting the proceeds from Mor-toro’s unit shares. Equitable subrogation arises when one having a liability, right or fiduciary relationship pays a debt due by another under such circumstances that he is, in equity, entitled to the securities held by the creditor who has been paid. Boley v. Daniel, 72 Fla. 121, 72 So. 644 (1916).
It is true, as argued by First Florida, that equitable subrogation is not available to one who simply pays his own debt. Meyer v. Levy, 169 So.2d 339 (Fla. 3d DCA 1964). That is not present in this case. Mortoro assigned a $317,000 note (an asset) to Sun Bank to pay off and be released from any previous obligation to such bank. It is true that the bank required Mortoro to guarantee the new obligation (the $317,000 note) for such release, but that was merely the reason (consideration) for the guarantee. Mortoro was not guaranteeing the original obligation — he had been discharged from that — but rather the Malo-ney, Sanctuary and Cason note. His new obligation was therefore nothing more than that of any guarantor — to pay off the guaranteed obligation if those primarily responsible failed to do so.
Having determined that subrogation was proper, we find that Mortoro stands in place of Sun Bank and is entitled to the priority enjoyed by Sun Bank. Mortoro is entitled to the remaining funds.
REVERSED and REMANDED for further proceedings consistent with this opinion.
GRIFFIN and DIAMANTIS, JJ., concur.