STONE, Judge.
The appellant, the mortgage holder on seized real property, is an intervenor in a forfeiture proceeding brought by the City of West Palm Beach. The trial court entered a summary judgment for the city and against the mortgagee, holding that the forfeiture was not subject to appellant’s preexisting mortgage because it was not recorded prior to the seizure. We reverse in part and affirm in part.
For the purpose of our review, the facts are taken most favorably to the mortgagee. The appellant loaned the property owner $140,000.00. Of that sum, $128,892 was used to satisfy two prior mortgages. Following the “closing” on appellant’s mortgage, counsel forwarded the document to the clerk’s office for recording. However, inexplicably, there is no record of its receipt, the mortgage was not recorded, and has never been located.[1] After execution of the mortgage, but before the loss was discovered, the city seized the secured property. The trial court recognized that the Florida Contraband Forfeiture Act governs. It provides, in pertinent part:
A., in Florida Statute Section 932.703(1) (1989) that,
All rights and interest in and title to contraband articles or contraband property used in violation of s. 932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interests in accordance with this act.... (Emphasis added)
B., in Florida Statute Section 932.703(3) (1989) that,
(3) No bona fide lienholder’s interest shall be forfeited under the provisions of ss. 932.701-932.704 if such lienholder establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was being used or was likely to be used in criminal activity; that such use was without his consent, express or implied; and that the lien had been perfected in the manner prescribed by law prior to such seizure. If it appears to the satisfaction of the court that a lienholder’s interest satisfies the above requirements for exemption, such lienholder’s interest shall be preserved by the court by ordering the lienholder’s interest to be paid from such proceeds of the sale as provided in s. 932.704(3)(a). (Emphasis added).
The trial court, applying the forfeiture act, determined that the seizure was not subject to the appellant’s mortgage because the mortgagee had not perfected his lien in the manner provided by law prior to the seizure. As to this issue we affirm. Cf. Lamar v. Wheels Unlimited, Inc., 513 So.2d 135 (Fla.1987); Byrom v. Gallagher, 578 So.2d 715 (Fla. 5th DCA 1990); In re Forfeiture of One 1979 Chevrolet CIO Van, VIN. NO. CGU 1590137222, Florida Tag No. BXF 922, 490 So.2d 240 (Fla. 2d DCA 1986). See additionally United States v. Four Parcels of Real Property on Lake Forrest Circle in Riverchase, Shelby County, Ala., 870 F.2d 586 (11th Cir.1989). No opinions have been found applying the act to a lienholder on real property in similar circumstances.
An unrecorded mortgage on real estate, although valid upon execution and delivery, is not enforceable against subsequent purchasers or lienholders for a valuable consideration and without notice. E.g., § 695.01(1), Fla.Stat. (1989). Section 695.11, Florida Statutes, specifically provides that the effective time of recording is the point at which the document is officially accepted and officially recorded. Here, there is no evidence of any official action by the clerk even if the document did reach the clerk’s office.
We recognize that the “equities,” on the record before us, appear to lie heavily with the appellant. The city is not a purchaser or creditor for value, the transaction appears bona fide, and the city is possibly getting the advantage of the negligence of another government entity. It is also axiomatic that forfeitures are not favored. Likewise the forfeiture statutes must be strictly construed against the government. We are also not unmindful of *1000 differences between the strict statutory requirements for documenting and filing transfers of and liens on vehicles and planes, or for creating enforceable judgment and mechanic’s liens, and the absence of any such specific statutory validating requirements for real estate deeds and mortgages. See generally Luria v. Bank of Coral Gables, 106 Fla. 175, 142 So. 901, reh’g denied, 106 Fla. 175, 143 So. 598 (1932). Given this distinction, an argument conceivably might be made that the legislature did not intend to apply the word “perfected” in the forfeiture act as a prior filing requirement in order to recognize the interests of unrecorded but otherwise bona fide and enforceable real estate mortgages. We can discern, however, no reason to read such an artificial distinction into the legislation, nor does appellant assert such a position. Rather, appellant asserts, primarily, that the mortgage here was, at least for summary judgment purposes, “perfected” upon its transfer to the clerk’s office in whatever manner.
We note that section 932.703(3) specifically applies to “bona fide” lienholders. Therefore, the statute, by its terms, contemplates that even otherwise “bona fide” lienholders not in compliance will be subject to the forfeiture where the statutory exemption requirements are not met. Cf. Lamar. The practical reason for such a restriction is clear, to preclude the risk of spurious and fraudulent claims to defeat the statute. Lamar, 513 So.2d at 136, n. 1.
Nevertheless, we reverse the summary judgment as to appellant’s claim for equitable subrogation. The mortgage proceeds were used to pay off two prior recorded mortgages which would have remained liens on the property but for the refinancing. Here, there is also the additional equity that those liens were not satisfied of record at the time of the seizure.
The doctrine of equitable subrogation is designed to apply where the claimant satisfied an obligation of another and then stands in the shoes of the satisfied creditor. The doctrine is founded on established principles of equity to prevent an unjust forfeiture, on the one hand, and a windfall amounting to unjust enrichment, on the other. E.g., Federal Land Bank of Columbia v. Godwin, 107 Fla. 537, 145 So. 883 (1933); Mortoro v. Maloney, 580 So.2d 822 (Fla. 5th DCA 1991); Eastern Nat’l Bank v. Glendale Fed. Sav. & Loan Ass’n, 508 So.2d 1323 (Fla. 3d DCA 1987).
As to the other issue raised, we find no error. Therefore, the summary judgment is reversed and remanded for further proceedings on the issue of equitable subrogation consistent with this opinion.
GUNTHER, J., and WALDEN, JAMES H., Senior Judge, concur.

. We note that appellee would assert at trial that it never left the lawyer’s office.