TORPY, J.
The Seminole County Sheriff appeals the trial court’s order finding no probable cause following a preliminary adversary hearing under the Florida Contraband Forfeiture Act. We affirm.
Appellee committed numerous grand thefts by embezzling money from his employer, a charitable organization. He accomplished the crimes by stealing his employer’s checks and, using the electronic signature of another employee, naming himself as payee. He then deposited the checks into his bank account and used the proceeds to buy numerous items of personal property, such as computer equipment, a gun and photography accessories. When caught, he confessed to the crimes and admitted that the items of personal property were the ill gotten gains of his crimes.
Appellant sought to forfeit the items pursuant to the Florida Contraband Forfeiture Act. §§ 932.701-.706, Fla. Stat. (2009). The trial court concluded that the items were not subject to forfeiture and denied probable cause to proceed after a preliminary adversary hearing pursuant to section 932.703(2)(c). That section directs the trial court to determine if the property “was used, is being used, was attempted to be used, or was intended to be used in violation of the Florida Contraband Forfeiture Act.” Appellant contends that this property was used in contravention of the Act because the items meet the statutory definition of “contraband articles,” the possession of which is unlawful under section 932.702(2).
The Act defines “contraband article,” in pertinent part as:
Any personal property, including, but not limited to, any vessel, aircraft, item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, books, records, research, negotiable instruments, or currency, which was used or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, whether or not comprising an element of the felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act.
§ 932.701(2)(a)5., Fla. Stat. (2009) (emphasis added). Appellant first contends that the stolen checks, as negotiable instruments, are “contraband articles” under this definition and that the seized items of personal property are the proceeds from the use of these contraband articles. This argument overlooks that, by definition, for negotiable instruments to be forfeitable as contraband articles, they must be “used as instrumentalities in the commission of a felony.” Here, the checks belonged to the victim and were the targets of the thefts. The crimes were complete when the targeted items were misappropriated, making them the fruits of the crimes, rather than instruments used to accomplish the crimes. Therefore, the checks themselves were not “contraband articles,” as defined. See In re Forfeiture of 1979 Mercedes, 4-Door, VIN No. 11603312085778, TAG No. WHJ 371, 484 So.2d 642, 644 (Fla. 4th DCA 1986) (defining instrumentality as a means by which something is accomplished). The same would be the case if a thief stole a weapon, tool, money or any other item expressly enumerated in the statutory definition of “contraband article.” In such a case, because the stolen items are simply the fruits of the crime of theft, they are *234 not “used as instruments” of the same theft.[1]
Alternatively, Appellant contends that, even if the checks were not themselves “contraband articles,” the property could nevertheless be forfeited as the traceable proceeds of a felony. This argument ignores the statutory language that limits the type of proceeds subject to forfeiture to those “obtained as a result of a violation of the Florida Contraband Forfeiture Act.” The violations of the Act are listed in section 932.702. The only violation relevant here is the prohibition against possession of any “contraband article.” See § 932.702(2), Fla. Stat. (2009); see also § 932.703(l)(c), Fla. Stat. (2009). Because the checks were not “contraband articles,” the proceeds from the possession of the checks cannot be considered proceeds obtained from a “violation of the Act.”[2]
Even if the checks or proceeds here could meet the technical definition of “contraband articles,” thereby permitting Appellant to satisfy the statutory probable cause standard, because Appellant was fully aware at the outset that the items were the traceable proceeds of a theft from an innocent owner, it is difficult to understand how Appellant can initiate and prosecute forfeiture proceedings in good faith. The express policy of the Act is that “law enforcement agencies ... utilize the ... Act ... to prevent the ... use ... of contraband articles for criminal purposes while protecting the proprietary interests of innocent owners .... ” § 932.704(1), Fla. Stat. (2009) (emphasis added). To prevail at trial, the seizing agency must prove by a preponderance of the evidence that the “owner either knew, or should have known ... that the property was being employed or was likely to be employed in criminal activity.” § 932.703(6)(a), Fla. Stat. (2009). Under the facts of this case, Appellant clearly could not meet this standard.
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.

. We do not address today the circumstance where the fruit of one crime is used as an instrument to commit a separate crime against a different victim.

. The classic example of the application of this aspect of the definition is when illegal drugs are sold. The Act includes illegal drugs in the definition of "contraband article” (albeit under a different definitional section). § 932.70l(2)(a)l., Fla. Stat. (2009). Thus, where illegal drugs are exchanged for money, the money constitutes proceeds under the Act because it is obtained as a result of a violation of the Act — the possession of the contraband article.