PER CURIAM.
Larry Campbell, Sheriff of Leon County, Florida, appeals the circuit court’s order directing the sheriff to return seized property upon the circuit court’s finding of no probable cause that the property was used or intended to be used in violation of the Florida Contraband Forfeiture Act, sections 932.701-932.706, Florida Statutes (“FCFA”). Because the circuit court did not err as a matter of law, the order is affirmed.
Forfeitures are not favored, and “forfeiture statutes must be strictly construed against the government.” In re Forfeiture of $91,357.12, 595 So.2d 998, 999 (Fla. 4th DCA 1992); see also Gomez v. Village of Pinecrest, 41 So.3d 180, 185 (Fla.2010) (“this Court has long followed a policy that it must strictly construe forfeiture statutes.” quoting Dep’t of Law Enforcement v. Real Prop., 588 So.2d 957, 961 (Fla.1991)).
The property seized in this case consisted of several bank accounts owned by various members of the Masino family and companies associated with the Masinos and them businesses, including Racetrack Bingo, Inc. Under the procedures set out in section 932.703, Florida Statutes, Sheriff *323 Campbell obtained a Forfeiture Seizure Warrant for the subject accounts, and the owners of the accounts were notified of the action and their right to a hearing on the matter. The issue to be determined at the hearing was “whether there is probable cause to believe that the property was used, is being used, was attempted to be used, or was intended to be used, in violation of the Florida Contraband Forfeiture Act.” § 932.703(2)(c), Fla. Stat.
The sheriff presented evidence to the trial court to show that bingo operations were conducted in violation of several provisions of section 849.0931, Florida Statutes. The trial court surmised that the sheriff had shown probable cause to believe that there were multiple violations of the statute regulating bingo, but correctly noted that the determination of whether the Masinos or any other persons were guilty of violating section 849.0931 (the bingo statute) was not before the court in the forfeiture proceedings under section 932.703. The trial court appropriately limited its ruling to whether there was probable cause to believe the bank accounts were “used, in violation of the Florida Contraband Forfeiture Act.”
Despite the sheriffs argument to the contrary, property connected to a violation of gambling laws, such as section 849.0931, is not per se “used, in violation of’ the FCFA (§§ 932.701-932.706, Fla. Stat.). Section 932.703(l)(a), Florida Statutes, provides for forfeiture only of property “used in violation of’ the FCFA or “by means of which any violation of’ the FCFA takes place.
The FCFA is violated by any of the acts listed in section 932.702, Florida Statutes. Acquisition of property may be a violation of the FCFA if the property was acquired with proceeds from “a violation of the Florida Contraband Forfeiture Act.” § 932.702(5), Fla. Stat.; see also § 932.701(2)(a)5., Fla. Stat. (defining contraband as property “acquired by proceeds obtained as a result of a violation of’ the FCFA). However, the Act does not prohibit acquisition of property from proceeds from violation of the gambling laws, nor does the act subject property so acquired to forfeiture.
The only other violation of the FCFA which could apply in this case is the possession of contraband, prohibited by section 932.702(2), Florida Statutes. Section 932.701(2)(a)2. defines contraband as any money “used ... attempted, or intended to be used, in violation of the gambling laws of the state.” Strictly construing this statutory definition of contraband, in order for the bank accounts at issue to meet the statutory definition, some association with violations of the gambling law is not enough — the accounts must have been “used” to carry out the violations of section 849.0931. Whether such “use” occurred is a fact question properly determined by the trial court, not a matter of law contained in the statutory language.
Accordingly, a showing of probable cause that the owners of the bank accounts in question may have violated the bingo regulations in section 849.0931, Florida Statutes does not automatically establish that the accounts are “contraband” as defined by the FCFA, subject to forfeiture under section 932.703, Florida Statutes.[1] *324 Moreover, we note that although the sheriff returned the money to appellees and the money is now gone, this is not moot. The FCFA provides that upon seizure of contraband, “[a]ll rights to, interest in, and title to contraband articles used in violation of s.932.702 shall immediately vest in the seizing law enforcement agency.” § 932.703(l)(c), Fla. Stat. Additionally, the court can “order the forfeiture of any other property of a claimant ... up to the value of any property subject to forfeiture” if any of the property “[cjannot be located.” § 932.703(5)(a), Fla. Stat., (emphasis supplied). Accordingly, if the sheriff had ultimately prevailed in the forfeiture proceeding, he would have been entitled to forfeit other property of appellees. Because the trial court committed no error as a matter of law, the order directing return of the seized funds is AFFIRMED.
BENTON, C.J. and CLARK, J., concur.
MARSTILLER, J., concurring specially.

. We note that currency or other means of exchange connected with violations of chapter 893, Florida Statutes (“Drug Abuse Prevention and Control”) is considered contraband if "a nexus exists between the article seized and the narcotics activity, whether or not the use of the contraband article can be traced to a specific narcotics transaction.” § 932.701(2)(a)l„ Fla. Stat. (2010). See Miami-Dade Police Dep’t v. Forfeiture of $15,875.51, 54 So.3d 595 (Fla. 3d DCA 2011) ("seized property does not have to be traced *324 to any specific violation or violations, but rather reasonably linked to an illegal narcotic activity”). In the present case, however, a showing that the accounts in question are reasonably linked to violations of the gambling law is not enough.