PER CURIAM.
Aamir Waheed, Cheri Black Waheed, Tariq Waheed, Comptrac, Inc., Game Advice, Inc., Digitrac, Inc., Intelitek, Inc., Media Advice, Inc., Infohub, Inc., Realvice, *532 Inc., Developco, Inc., Infovice, Inc., and Realtrack, Inc., appeal a non-final order finding probable cause to support the State’s seizure of various assets pursuant to the Florida Contraband Forfeiture Act[1] (“FCFA”). We affirm in part and reverse in part.
In early 2013, the State seized various assets owned by the appellants, including motor vehicles. The seizure was based on the appellants’ alleged involvement with the Allied Veterans of the World criminal enterprise, which allegedly conducted an illegal gambling scheme throughout Florida. The scheme involved the operation of “internet sweepstakes cafes” that, in reality, were illegal gaming rooms. Allied Veterans of the World acted as the parent company, and over forty affiliates throughout Florida undertook the management of the day-to-day operations of the cafes. The appellants are alleged to have owned several of these affiliates. In relation to these allegations, the trial court found that probable cause existed to believe that the seized assets were used, attempted to be used, or intended to be used in violation of the FCFA. On appeal, the appellants argue that the trial court’s order should be reversed because the State failed to present evidence sufficient to establish probable cause.
The FCFA provides the State with a method for seeking civil forfeiture of contraband. A FCFA proceeding begins when the State seizes the property and files a complaint in the circuit court. §§ 932.703(2)(b), 932.704(4), Fla. Stat. (2013). Upon seizure, an adversarial hearing must be held to determine whether probable cause exists to believe that the property “was used, is being used, was attempted to be used, or was intended to be used” in violation of the FCFA. § 932.703(2)(c), Fla. Stat. If the court determines that probable cause exists, a jury trial will be held on the ultimate issue of forfeiture. § 932.704(3), Fla. Stat.
The statute sets forth twelve definitions of “contraband,” only one of which is relevant to our analysis. Namely, contraband is defined as “[a]ny personal property ... which was used, is being used, or was attempted to be used as an instrumentality in the commission of ... any felony ... or which is acquired by proceeds obtained as a result of a violation of the [FCFA].” § 932.701(2)(a)5., Fla. Stat. Based on the plain language of this section, this definition does not include proceeds — or property acquired by proceeds — of any felony. Rather, only property acquired by proceeds obtained as a result of a violation of the FCFA is defined as contraband. It is a violation of the FCFA to:
(1) ... transport, carry, or convey any contraband article in, upon, or by means of any vessel, motor vehicle, or aircraft.
(2) ... conceal or possess any contraband article.
(3) ... use any vessel, motor vehicle, aircraft, or other personal property, or real property to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any contraband article.
(4) ... conceal, or possess, or use any contraband article as an instrumentality in the commission of or in aiding or abetting in the commission of any felony or violation of the [FCFA],
*533 (5) ... acquire real or. personal property by the use of proceeds obtained in violation of the [FCFA].
§ 932.702, Fla. Stat. Thus, “property connected to a violation of the gambling laws ... is not per se ‘used, in violation of the FCFA.” Campbell v. Racetrack Bingo, Inc., 75 So.3d 321, 323 (Fla. 1st DCA 2011) (citing §§ 932.701-.706, Fla. Stat.). The FCFA “does not prohibit acquisition of property from proceeds from violation of the gambling laws, nor does the act subject property so acquired to forfeiture.” Id.; accord Sheriff of Seminole Cnty. v. Oliver, 59 So.3d 232, 234 (Fla. 5th DCA 2011) (holding that stolen checks could not be forfeited as traceable proceeds of a felony because they were not obtained as a result of a violation of the FCFA).
In examining the various items seized in this case, we reverse only as to the seizure of the motor vehicles. The State did not establish that the motor vehicles were either used as instrumentalities in the commission of a felony or acquired by proceeds obtained as a result of a violation of the FCFA. See § 932.701(2)(a)5., Fla. Stat. Even if probable cause existed to believe they were acquired with proceeds of a violation of the gambling laws— an issue that we do not decide here — a violation of the gambling laws is not per se a violation of the FCFA. See Campbell, 75 So.3d at 323.
We find the remaining issues raised to be without merit and affirm the trial court’s order in all other respects.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
EVANDER, COHEN and WALLIS, JJ., concur.

. §§ 932.701-.706, Fla. Stat. (2013).